**CLANCY et al. v. CLOUGH et al.**

No. 9303.

Court of Civil Appeals of Texas. Galveston.
Nov. 28, 1928.

Rehearing Dismissed Because Subject-
Matter of Suit Has Ceased to Exist
July 10, 1930.

Jas. L. Bailey, J. Meek Hawkins, and E. H. Cavin, all of Houston, for appellants.

Geo. G. & M. E. Clough, of Houston, for appellee Geo. G. Clough.

Sewall Myer, J. H. Painter, and Sidney Benbow, all of Houston, for appellee City of Houston.

PLEASANTS, C. J.

This suit was brought by appellee George G. Clough, against appellants E. E. Clancy, J. L. Bailey, Morris Rosenthal, and George E. Williams, as chairman and members, respectively, of the Democratic executive committee of the city of Houston.

Upon allegations which will be presently set out, the city of Houston was also made a party defendant.

Plaintiff's petition alleges, in substance, that a Democratic primary election had been called by the defendant executive committee to be held on December 1, 1928, for the purpose of nominating Democratic candidates for the various city offices in the general city election to be held in April, 1929, and to elect a Democratic executive committee to serve for the ensuing two years, to be composed of a chairman and four additional committeemen; that plaintiff is a qualified voter of the city of Houston eligible to vote in said primary election, and qualified to become a candidate and hold the office of member of the Democratic executive committee for the city of Houston; that plaintiff desires to become a candidate in said primary election for the office of member of the city Democratic executive committee, but that defendant executive committee has passed a resolution requiring that every candidate in said primary election must, in order to have his name placed on the official ballot, subscribe to a pledge that he is a Democrat, would support, or had supported, the Democratic nominees in the last election "from President to Constable," and that the executive committee had also ruled by resolution that a similar pledge should be placed on the ballot to be used in the primary election.

Plaintiff alleged that while he was a lifelong Democrat and had consistently supported and voted for all of the nominees of his party and intends to continue to so act and vote, that the pledge required by the defendant committee to be made by him as a condition precedent to having his name placed upon the official ballot as a candidate for executive committeeman was not authorized by the statute, and that the placing of the proposed pledge upon the ballot to be used in the election was contrary to the express provisions of the statute, and would render a primary election held with such ballots illegal and void.

"Plaintiff would further show to the court that the City of Houston is usurping the powers and authority of the said City Executive Committee, and by ordinances is claiming and asserting the right to regulate and control party primary elections for city officers; and by a series of ordinances, too numerous to mention and set forth with particularity, has incorporated in its Charter and in its by-laws, or ordinances, an entirely new scheme and method of holding and conducting party primaries and primary elections; that in such manner it has sought to dictate to the Executive Committee what it shall do and what it shall not do in the matter of such party primary elections; that it has sought to set up a form of ballot of its own making, called a 'preferential ballot'; that it has sought to dispense with the mandatory party pledge, and to vote a ballot without a pledge; that it has sought to place illegal printed matter on said ballot; and that it has sought in a general way, to completely revoke and repeal the provisions of the general election law on the subject of party primary elections in the City of Houston; that it is specially provided by law, that a voter shall scratch his ballot by erasing or marking out all names he does not wish to vote for article 3109, R. S., but that said City of Houston in its ordinances has provided that the voter, in primary elections, shall make a x in front of the name of the person he wishes to vote for; that so marking a ballot renders the same void, and the law has so been repeatedly construed, and an election held in accordance with the Charter provisions of the said City of Houston would therefore be a nullity and void; that it is also provided by law, that in primary elections, if there be more than two candidates, that the Executive Committee shall decide whether the nominations shall be by majority or plurality, and if the former, to hold successive elections for the purpose of arriving at a choice; which provision of the law is completely nullified by the said City of Houston in its ordinances. And plaintiff has good reason to believe and does believe that the City Executive Committee contemplates the holding of said election and will hold same under the void and unconstitutional provisions of the said City Charter and said ordinances, instead of the plain letter of the Statute Law so enacted by the legislature.

"Plaintiff would further show that by the terms of the said ordinances, the Mayor of the City is authorized to perform many of the duties devolved upon the said City Executive Committee by law; that in said City Primary Election the present Mayor and the Alderman or counselmen thereof are candidates to succeed themselves, and to permit them to dictate to the City Executive Committee how, and on what conditions, said election should

be held would defeat the very purpose for which the law was enacted."

Plaintiff prayed for a mandamus commanding the defendant committee to accept and grant plaintiff's application to have his name placed upon the official ballot in said primary election as candidate for member of the city Democratic executive committee without requiring him to subscribe to the pledge adopted by the committee, as before set out, and enjoining and restraining the defendant committee from placing any pledge upon the official ballot to be used in the primary election other than the pledge: "I am a democrat (or a white democrat, if the Committee shall so decide) and pledge myself to support the nominees of this primary"; and further enjoining the defendant committee and the city of Houston from following or attempting to enforce any of the ordinances of the city regulating primary elections which are in conflict with any of the provisions of the statutes regulating such elections.

J. S. Griffith, Mrs. A. R. Handy, M. C. Bauguss, Martha A. Wood, and F. A. Kessler intervened in the suit, alleging that they desired to become candidates in the primary election for membership upon the city Democratic executive committee, and adopting all of the allegations of plaintiff's petition, except those affirming his lifelong consistent support of all nominees of the Democratic party, and his intention to continue to so act and vote, and those complaining of the proposed use in the primary election of the preferential ballot provided for by the city ordinances. These interveners prayed for the same relief asked by the plaintiff.

The defendant executive committee answered by general demurrer and special exceptions, the nature of which, as far as may be necessary in determining the question discussed and decided in this opinion, will be hereinafter indicated.

They further answered by general denial, and specially denied that they had decided to place the pledge complained of in plaintiff's petition upon the ballot to be used in the primary election, or are threatening to place such pledge upon the ballots, "but that said Committee has merely passed a resolution providing for an investigation to be made to determine the legality of placing such pledge upon the ballot * * * and that the question of the legality of said pledge is before the Committee and remains to be determined at a future meeting of the Committee to be held some time after November 6th, 1928."

They further deny that plaintiff's application to have his name placed upon the ballot has been refused "or that the application of any other person made in the form alleged by the plaintiff to be the proper and legal form has been rejected or refused, * * * and that the same is now on file with said Com-

mittee and will not be accepted or rejected until the meeting of the Committee some time after the 6th of November, 1928."

They further specially pleaded that they had not decided whether or not they would do any of the things complained of in plaintiff's petition, and would not so decide until after the meeting of the committee to be held some time after November 6, 1928.

These defendants also filed a plea in abatement, upon the ground that the suit was prematurely brought because the committee had not formally reached a conclusion upon the question of requiring the pledges mentioned in plaintiff's petition, and until they had reached a conclusion no right of plaintiff had been violated, and the court was without authority to issue the mandamus or injunction asked by plaintiff.

They further filed a motion that the trial judge disqualify himself to sit in the case, on the ground that the judge being a candidate for re-election in the general election to be held on November 6, 1928, as a nominee of the Democratic primary, had such interest in the questions involved in this suit as disqualified him to try the case.

The city of Houston answered by plea in abatement, on the ground that plaintiff's petition shows upon its face that this defendant is neither a necessary or proper party to the suit, has no interest in the subject-matter of the suit, and has been improperly joined as a defendant herein.

It further answered by general denial and special pleas, the nature of which, if found necessary for the purpose of this opinion, will be hereinafter indicated.

The trial in the court below resulted in judgment in favor of plaintiff, overruling the exceptions and plea in abatement presented by defendant executive committee, and in favor of plaintiff and interveners for mandamus and mandatory injunction requiring the committee to accept the applications of plaintiff and interveners to have their names placed upon the official ballot in the primary election as candidates for membership upon the city Democratic executive committee, and to place their names as such candidates upon the ballott without requiring them to make any pledge or statements other than those prescribed by article 3111, R. S. (1925), and enjoining the executive committee from placing upon the official ballot any pledge other than that prescribed by the statute, or one containing the additional word "white" before the word "Democrat" in the pledge prescribed by the statute. It was further adjudged that the executive committee should use in the primary election the form of ballot prescribed in the ordinances of the city of Houston and designated "Preferential Ballot," and that plaintiff take nothing against the defendant city of Houston, and that said defendant re-

cover of plaintiff and interveners all expenses incurred by it in this suit.

From this judgment both the plaintiff and the defendant executive committee have appealed.

We shall first consider and determine the appeal of the executive committee.

The court did not err in overruling all of the special exceptions presented by the appellant executive committee to plaintiff's petition.

■ The first of these exceptions attacks the petition on the ground that the named defendants are not sued in their official capacity as the city Democratic executive committee. It is true that in the first paragraph of the petition in which the names and residences of the defendants are stated no mention is made of their official position, but in the following paragraph of the petition, in which plaintiff set out his cause of action, it is alleged that the defendant E. E. Clancy is the chairman and the other named defendants are the members composing the city Democratic executive committee of the city of Houston, and every act of these defendants of which complaint is made in the petition is charged to have been done by them in their official capacity. In this state of the pleading, the exception that these defendants were not sued in their official capacity was properly overruled.

■ The exception that plaintiff's petition shows on its face that plaintiff would suffer no actionable wrong by being required to subscribe to the pledges adopted by the executive committee, because he alleges in his petition that he has consistently heretofore and will continue in the future to do the things required of him by the pledges of which he complains, is without merit. This exception ignores plaintiff's right as a voter and a candidate to have the primary election conducted in a legal manner so that the result thereof could not be held void. Plaintiff's right to have the election so conducted is not dependent on his personal attitude with reference to his moral obligation to support the nominees of his party regardless of any pledge that might be required of him by the executive committee.

The next contention of these appellants presents a question less free from difficulty.

The pleadings of the appellee interveners aver that they do not adopt the allegations of plaintiff's petition in regard to his previous support of the nominees of his party and his intention to continue to so do. In their testimony on the trial each of the interveners stated that he would not support the Democratic nominees for presidential electors in the election of November 6, 1928.

As indicated by the above statement, this proceeding was brought and the case tried before November 6, the date of the general election.

■ ■ The wisdom of our primary election statutes, which, in a large measure, take away from political parties all control of the machinery by which they select their candidates for public office, may well be doubted, but the authority of the Legislature to enact these statutes has been upheld by our courts, and all primary elections are required to be held in accordance with the general provisions of these statutes, except as to matters which the statutes themselves leave to the discretion of some other authority. These primary election statutes prescribe all the requisites of an application to have one's name placed upon the official ballot as a candidate, and the pledge to be placed on the ballot. Revised Statutes, arts. 3111 and 3110.

The statute (article 3164) authorizing political parties in any incorporated city or town in this state to make nominations for city officers, after providing for the creation of a city executive committee for each political party, such committee to be composed of a chairman and not less than four other members, authorizes the committee to call a primary election for the nomination of candidates for city offices and for members of a new executive committee, and expressly prescribes that "in all such city primary elections, the provisions of the law relating to primary elections and general elections shall be observed." This article further expressly provides that "this article shall not repeal the provisions of any charter heretofore or hereafter specially granted to any city in this State."

The city of Houston was granted a special charter by Act of the 29th Legislature, approved April 3, 1905 (Sp. Laws 1905, c. 17) which contains the following provision: "The City Council may, consistent with other provisions of this Act, and all the provisions of the State law regulating primary elections in cities and towns, in so far as the same may be applicable, prescribe the manner and method of holding primary elections by all political parties or political organizations of any kind whatsoever, and to determine the rules that shall obtain with respect to the representation the respective parties * * * may be entitled to at the polls; may prescribe an official ballot, official returns, etc. (Article 9, § 2)" This provision was in the charter of the city of Houston when the act of the Legislature above mentioned providing for the holding of primary elections in incorporated cities and towns was passed. By amendment of its charter adopted under the Home Rule Amendment to our state Constitution (Const. art. 11, § 5), the city council was authorized to "pass all necessary ordinances providing for and requiring the nomination of all candidates of any political party for elective offices in the City of Houston by preferential ballot." The charter then prescribes the form of the ballot and directs how

the ballots shall be counted and the returns of the election made and canvassed.

██ There is nothing in the city charter or any of the ordinances passed thereunder which directs or authorizes the city executive committee to require any form of application for having a candidate's name placed upon the official ballot other than that prescribed by the statutes above cited, nor any authority given such committee to place any pledge upon the official ballot other than that prescribed by the statute.

It thus appears that the executive committee, in prescribing a form of application by appellant to have his name placed on the ballot as a candidate in the primary election and prescribing a pledge to be placed on the ballot different from that prescribed by the statute, was exceeding any authority given them by the law.

The proposition that the general primary election statutes are valid and controlling as to the requisites of an application of a candidate to have his name placed upon the ballot, in a primary election, and as to the pledge that may be placed upon the ballot finds support in the following cases: Gilmore v. Waples, 108 Tex. 167, 188 S. W. 1037; Briscoe v. Boyle (Tex. Civ. App.) 286 S. W. 275; Hamilton v. Monroe (Tex. Civ. App.) 287 S. W. 304.

██ There is no merit in the appellant's contention that the judge of the trial court was disqualified to sit in this case because he was a Democratic nominee and a candidate for the office of district judge in the general election held on November 6, 1928. Under well-established rules of decision any interest that the judge could have in this case because of the facts stated in the motion was too indirect and remote to disqualify him to hear and determine the case. McFaddin v. Preston, 54 Tex. 403; Hubbard v. Hamilton County, 113 Tex. 547, 261 S. W. 990.

Appellant's plea in abatement was properly refused because it was not sustained by the evidence.

This disposes of all of the questions presented by the brief of the appellant executive committee.

██ The plaintiff Clough complained of that portion of the judgment which authorized the use in the primary election of the preferential ballot provided for in the charter and ordinances of the city of Houston.

We agree with the trial court that the use of such ballot is not prohibited by the provisions of the primary election statute before set out, because of the express provision of the statute that it "shall not repeal the provisions of any charter heretofore or hereafter specially granted to any city in this state."

These conclusions require an affirmance of the judgment of the trial court, and it is so ordered.

Affirmed.