Hulon BROWN, Relator,

v.

Howard WALKER et al., Respondents.

No. A–10074.

Supreme Court of Texas.

April 8, 1964.

Gilbert T. Adams, Beaumont, for relator.

David Walker, Lufkin, R. W. Fairchild, Nacogdoches, for respondents.

SMITH, Justice.

Relator, The Honorable Hulon Brown, the elected, currently-acting District Attorney of the combined district made up of the Second and One Hundred and Forty Fifth Judicial Districts of Texas, petitions this court for the issuance of a writ of mandamus commanding and compelling the Honorable Howard Walker, Chairman, and all of the members of the Democratic Executive Committee of Angelina County, Texas, one of the counties comprising said Judicial District, to place his name upon the ballot

for the May 2, 1964, Democratic Primary, as a candidate for nomination to the office of District Attorney of the district.

The Chairman, all members of the Committee and the Honorable H. R. Rolston of Angelina County, Texas, an announced candidate for the same office as that which the Relator seeks, are Respondents.

Relator, unquestionably, has complied with the Texas Election Code by filing a proper application with the Democratic Executive Committee of Angelina County, Texas. It is undisputed that the Executive Committee has complied with the provisions of Article 13.08 of the Texas Election Code, Vernon's Annotated Civil Statutes, requiring the County Committee to estimate the cost of printing the official ballots and all necessary expenses of holding the general primary and second primary in Angelina County, Texas. It is not claimed that the Chairman of the Executive Committee failed to properly notify Relator by mailing, as required by the Statute, a statement of the amount of expenses apportioned to him. Relator, in fact, admits that he received a statement reflecting an assessment of the sum of $50.00.

The Respondents admit that the Relator, in an attempt to make payment of the amount of the assessment, mailed by regular, first-class United States mail, a bank money order in the sum of $50.00, and that the envelope containing the amount of assessment was postmarked before midnight, Saturday, February 15, 1964. The Chairman of the Committee issued a receipt, which reads:

"Letter Postmarked—OK H.W.

NO.____ Feb. 15, ____ 1964
Received from ____ Hulon Brown
____ Fifty and ____ no/100 ____ Dollars
____ Dist. Attorney

$50.00/ Final ____ Howard Walker, Jr. ____ "

Relator contends that payment of the assessment was timely received and acknowledged and that he is entitled to have his name placed upon the ballot as a candidate for the office of District Attorney.

Relator contends that since the receipt *clearly* shows the payment of the final assessment, such receipt cannot be subject to attack absent fraud or wrongdoing on his part. Relator further contends that payment was delivered to the County Chairman within the meaning of Article 13.08, supra. It is argued under this point that the payment was mailed in accordance with the instructions of the County Chairman, and that by giving such instructions, the Chairman designated an agent for receipt of the assessment.

■ We realize that the Relator is naturally disconcerted over the turn of events. However, we are convinced that he has failed to make payment of the assessment within the time prescribed by the Statute. Therefore, we are compelled to overrule all of his contentions and deny the mandamus.

The Statute provides, in part:

"The committee shall by resolution direct the chairman to mail immediately to each person against whom an assessment is made a statement of the amount of such expenses apportioned to him, with the request that he pay to the county chairman, on or before the Saturday [February 15] before the third Monday in February thereafter, the difference between the amount of the assessment and the amount of the deposit which accompanied his application; *and no person's name shall be placed on the ballot unless he pays the assessment within the prescribed time.* * * * It shall be sufficient to meet the requirements of this law to mail by registered or certified letter to the chairman before the deadline herein provided, as shown by the postmark on the letter, a money order, a certified check, or a good personal check; *but it shall not be sufficient to make the payment by any other type of mail un-*

*less it is delivered before the deadline."* (Emphasis added.)

When the Relator chose to deliver the payment by *regular* mail on February 15, 1964, he was charged with knowledge of the Statute's specific provision that this type of delivery would not be sufficient compliance with the mandatory provisions of the Statute "unless it was delivered before the deadline." If Relator was to protect himself from being denied a place on the ballot due to payment being delivered after the deadline, it was his responsibility to comply with that portion of the Statute which specifically provides that it shall not be sufficient compliance to make the payment beyond the prescribed time unless the payment is mailed by registered or certified mail before the deadline. Admittedly, Relator failed to comply with the Statute. The fact that the Chairman told the Relator on February 15th that he could send the payment by *mail* from Jacksonville, Texas, to the Chairman's home address in Lufkin, Texas, does not excuse the Relator from complying with the law governing the manner of payment of assessments. To hold that the Chairman, by directing the Relator to mail the money order rather than physically delivering it, designated an agent for the receipt of the assessment and thereby payment was actually made on February 15, 1964, when the letter was deposited in the mail, would enable a chairman of an executive committee and a candidate, or either of them, to circumvent and render meaningless the provision of the Statute which requires that in all instances where the mail is resorted to as a means of delivery, a delivery of the payment beyond the prescribed time shall not be sufficient to comply with the Statute unless the payment is mailed by registered or certified mail before the deadline.

The acceptance of the money order and the issuance of the receipt by the Chairman does not alter the situation. The receipt merely shows that the letter was postmarked in time on February 15th. Even if the receipt had actually recited that the payment was received on Saturday, February 15, 1964, the record undeniably would refute such a recitation. The record does not show when the letter was received in the Lufkin Post Office, but it does show that the Post Office was closed on Saturday afternoon, and that the Chairman did not have a post office box. The record further shows that the letter was received by the Chairman at his residence on the morning of February 17, 1964, two days after the deadline fixed by statute.

Since the Relator did not comply with the mandatory requirements of Article 13.08, supra, his name cannot legally be placed upon the ballot.

Relator's Application for Writ of Mandamus is denied.

We invoke provisions of Rule 515, Texas Rules of Civil Procedure, and deny the Relator the right to file a motion for rehearing in this cause.

NORVELL, J., not sitting.