**Baxter SHIELDS, Relator,**

v.

**Chester R. UPHAM, Jr., as Chairman of the State Republican Executive Committee, and the State Republican Executive Committee, Respondents.**

**No. 6979.**

Court of Civil Appeals of Texas, El Paso.

March 19, 1980.

Jay L. Nye, El Paso, for relator.

Graves, Dougherty, Hearon & Moody, R. James George, Jr., David H. Donaldson, Jr., Austin, for respondents.

## OPINION

PER CURIAM.

Baxter Shields in this Original Proceeding seeks a Writ of Mandamus to require the State Republican Executive Committee to place his name upon the ballot in the Republican Primary as a candidate for State Representative of District 71 of the Texas Legislature. Relator chose to qualify as a candidate by filing a nominating petition rather than paying a filing fee. The State committee had a serious question as to whether the petition complied with the requirements of the Texas Election Code and refused to certify Mr. Shields as a qualified candidate.

The required elements of a nominating petition are set forth in Art. 13.08(d), Texas Election Code. It provides, in part, as follows:

The petition must show the following information with respect to each signer: His address (including his street address if residing in a city, and his rural route address if not residing in a city), his current voter registration certificate number (also showing the county of issuance if the office includes more than one county), and the date of signing.

In this case, Relator's petition consisted of 15 pages of names and signatures and some of the other specified information. Most of the pages are complete with 25 names per page, although 6 pages have about 10 names per page, for a total of 289 signatures. Almost without exception, the petition has on each completed line a date, a printed name, a signature, a street address, and a voter registration number.

District 71 is a multi-county district composed of Culberson, Hudspeth, Jeff Davis and Presidio Counties, and parts of El Paso County. None of the persons signing the petition has stated the county in which the registration certificate was issued and only about 7 persons stated the city in which their residence is located.

Quite clearly, the petition does not comply with the statutory requirements. It does not show the street address in a particular city within the District and does not show the county which issued the registration certificate.

Since *Brown v. Walker*, 377 S.W.2d 630 (Tex.1974), the Courts of this State have required that candidates comply strictly with all statutory requirements in order to have their names placed on a ballot. In the *Brown* case, a $50.00 assessment was paid by sending it to the County Chairman by first-class United States mail instead of registered or certified mail as required by the statute. Even though the money was timely deposited and duly received the Court concluded that strict compliance was necessary and denied the duly elected and well-qualified District Attorney an opportunity to run for reelection.

A similar result was reached in *Geiger v. DeBusk*, 534 S.W.2d 437 (Tex.Civ.App.—

Dallas 1976, no writ). In that case, the Court was involved with a nominating petition which was not verified by affidavit as required by Art. 13.08(d), Texas Election Code. In ordering a candidate's name deleted from the ballot for failure to comply with the statute, the Court said:

> * * * We hold that these clear and specific directions both as to the content of the instrument and the fact that it must be verified are clearly mandatory and not directory. Consequently, intervenor must strictly comply with these mandatory provisions. * * * As stated in *McWaters v. Tucker*, 249 S.W.2d 80 (Tex. Civ.App.—Galveston 1952, no writ), the provisions of election laws which relate to voters are to be construed as directory whereas the provisions of election laws governing what is required of candidates are mandatory. This is because the right to vote is a fundamental one, whereas the right to hold an office is in the nature of a privilege.

Likewise, in *Gray v. Vance*, 567 S.W.2d 16 (Tex.Civ.App.—Fort Worth 1978, no writ), the Court followed the holdings in *Brown* and *Geiger* and held that the statutory requirements set forth in Art. 13.08(d), Texas Election Code, are mandatory. Even though there was sufficient information on the petition of Baxter Shields for the Republican Executive Committee to verify the signatures of 211 voters, and only 166 signatures were required to support the application for a position on the ballot, that is not the test. The Election Code does not require just a petition which may be verified. It requires specified information which this petition admittedly did not contain. Thus, there has not been a strict compliance with the statute, and the Petition for Writ of Mandamus is denied.