**Gary Wayne PAINTER, Relator,**

v.

**William T. SHANER and The Midland County Republican Executive Committee, Respondents.**

No. 08–84–00136–CV.

Court of Appeals of Texas, El Paso.

March 20, 1984.

See also, Tex., 667 S.W.2d 123.

Randall B. Wood, Ray, Wood, Henderson & Fine, Austin, for relator.

Robert R. Truitt, Jr., Midland, for respondents.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

Relator has petitioned this Court for the issuance of a writ of mandamus to compel Respondents to include his name on the 1984 Republican Party primary ballot as a candidate for the office of Midland County Sheriff.

The deadline for submission of candidate applications for this year's primary election was 6:00 p.m., February 6. Tex.Elec.Code Ann. art. 13.12(c) (Vernon Supp.1983). At approximately 3:00 p.m. on that date, Relator decided to apply for inclusion on the ballot. Relator visited the office of the County Elections Administrator, Genise Builta, where he filed notice of his campaign treasurer, received the candidate application forms and was advised of the address of the county Republican Party office. He took the completed application form and required filing fee to that address, arriving between 4:00 and 4:15 p.m. The office was locked, no one was present and no instructions posted as to any alternative delivery location. It was stipulated by the parties that no Republican Executive Committee Secretary had been appointed by the Republican County Executive Committee and therefore there was no secretary who was authorized to receive the application in Midland County. Article 13.-18, subd. 4, Tex.Elec.Code Ann. Relator then went to the business office of the Republican County Chairman, Respondent Shaner. He was advised that Shaner had been out of the county all of that day, at a well site 170 miles from Midland. Between 4:30 and 5:00 p.m., Relator returned to Ms. Builta's office, where they contacted Chairman Shaner by telephone. Shaner attempted to appoint Builta as his agent to receive the application and it was thereupon tendered by Relator.

Builta then contacted the Elections Division of the Secretary of State's Office and was advised that she could not act as the party Chairman's agent. Shaner was recontacted, and he told Relator that he would accept the application if he brought

it to him immediately, despite the fact that delivery before 6:00 p.m. was a physical impossibility. The application and filing fee were actually delivered at 8:00 p.m. Subsequently, they were returned as untimely filed.

Relator seeks mandamus claiming that the Respondent Chairman, by absenting himself from the county on the final day for filing applications, deprived him of a due process and statutory right to present his application in person within the county of candidacy. The Respondents, while denying any wrongdoing on Shaner's part, support Relator's efforts to be included on the ballot.

Article 13.12(c) and (e) provides two methods for submission of a candidacy application: personal delivery to the County Chairman by the statutory deadline or delivery by mail to the Chairman. Under the latter alternative, the application must actually be received by the chairman before the deadline. There is no statutory requirement that actual delivery, in person or by mail, must take place within the county of candidacy.

■ In this case, Relator elected in-person delivery. The Secretary of State's advice to Administrator Builta was correct in that the only persons authorized to accept county candidacy applications are the chairman or an executive committee secretary, chosen by the committee as a whole. Here, there was no executive committee secretary. Tex.Elec.Code Ann. art. 13.18, subd. 4 (Vernon Supp.1983). *Newson v. Adams,* 451 S.W.2d 948 (Tex.Civ.App.—Beaumont 1970, no writ). The attempted delivery to Builta was invalid.

■ Furthermore, neither the voluntary absence of the Chairman, the delay caused by the invalid designation of Builta as agent, or the promise by the Chairman to accept immediate (but late) in-person delivery operates as an estoppel against the party or the application of the statutory requirements. *Brown v. Walker,* 377 S.W.2d 630 (Tex.1964); *Brown v. Walker,* 376 S.W.2d 854 (Tex.Civ.App.—Beaumont

1964, no writ); *Newsom v. Adams,* supra. See also: Op.Tex.Att'y Gen. No. 0–2486 (1940) (the statutory deadline is mandatory and cannot be waived by the party officials).

■ The election statutes pertaining to candidates are mandatory and strict compliance is required. *Shields v. Upham,* 597 S.W.2d 502 (Tex.Civ.App.—El Paso 1980, no writ); *Geiger v. DeBusk,* 534 S.W.2d 437 (Tex.Civ.App.—Dallas 1976, no writ); *Gray v. Vance,* 567 S.W.2d 16 (Tex.Civ. App.—Fort Worth 1978, no writ). See: *Burroughs v. Lyles,* 181 S.W.2d 570 (Tex. 1944). The candidate is charged with knowledge of the specific provisions of the statutes governing application. *Newsom* at 953. The facts in *Newsom* are almost identical to those presented in this case, and those in the two *Brown v. Walker* opinions are sufficiently analogous for us to conclude that Relator, having failed to strictly comply with the time of filing, is not entitled to mandamus relief, despite the lack of opposition by the Respondents.

Deadlines are a part of life. As the deadline approaches, the actor of necessity must assure himself, in time, that he will be able to meet it. The statute does not require that the County Chairman be in the county on the final date. The Relator was charged with that knowledge. By the same token, the Midland County Republican Executive Committee was so charged and could have appointed a secretary who would be readily available to prospective candidates who would attempt to file on the last date. Relator's petition for mandamus relief is denied.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent. The Relator has made a proper application and should not be denied a place on the ballot. A writ of mandamus lies to compel party officials to accept a proper application of the candidate and to place his name on the ballot. *Baker v. Porter,* 160 Tex. 488, 333 S.W.2d 594 (1960); *Ferris v. Carlson,* 158 Tex. 546, 314 S.W.2d 577 (1958); *Cantrell v. Carl-*

*son,* 158 Tex. 528, 314 S.W.2d 286 (1958); *McClain v. Betts,* 95 S.W.2d 1311 (Tex.Civ. App.—Beaumont 1936, no writ); *Friberg v. Scurry,* 33 S.W.2d 762 (Tex.Civ.App.—Fort Worth 1930, dism'd w.o.j.); *Clancy v. Clough,* 30 S.W.2d 569 (Tex.Civ.App.—Galveston, 1928, no writ); *Yapor v. McConnell,* 597 S.W.2d 555 (Tex.Civ.App.—El Paso 1980, no writ); *Parker v. Brown,* 425 S.W.2d 379 (Tex.Civ.App.—Tyler 1968, no writ); *Ramsey v. Marlowe,* 376 S.W.2d 438 (Tex.Civ.App.—Tyler 1964, no writ); *Ferguson v. Marlowe,* 376 S.W.2d 360 (Tex. Civ.App.—Tyler 1964, no writ); *Roy v. Drake,* 292 S.W.2d 848 (Tex.Civ.App.—Dallas 1956, no writ).

No court in Texas has ever held that the right of a citizen to be a candidate can be denied by the official responsible for taking the application absenting himself or by the committee responsible not providing someone to accept applications. This case differs from those relied on by the majority in that controlling fact; that is, the absence of anyone to receive an application for a place on the ballot. That it happened in this case was inadvertent, and the official was willing to accept the application except for being advised by the Secretary of State that he could not. The rule we make today will permit other officials in other times to keep candidates off the ballot for other reasons good or bad. Simple absence is now provided as a device for much evil which we have declared this day to be the law. It is contrary to the letter and spirit of our elections laws. It is not necessary to open the door to such possible abuse of the political process. Under the circumstances here, where the county chairman was not present, I would hold that his acceptance over the phone of the application conditioned on its delivery was sufficient. That the acceptance occurred prior to the 6:00 p.m. deadline; or the failure to provide a person to accept, estops any denial for late filing. The cases of *Brown v. Walker* and *Newsom v. Adams* cited by the majority do not support the proposition they are cited for, "the voluntary absence of the chairman," because those cases do not involve the voluntary absence of a chairman. In those cases, the candidate did something wrong. In *Brown,* he mailed the filing fee by regular mail instead of registered mail and it arrived late. In *Newsom,* the application was filed with the wrong party, a committeeman instead of the county chairman. *Newsom* would be controlling of the attempt by the county chairman in this case to appoint Builta his agent, but neither case is analogous to or controlling of the situation before us. I would grant the writ of mandamus.