Gary Wayne **PAINTER**, Relator,

v.

**William T. SHANER and the Midland County Republican Executive Committee, Respondents.**

**No. C–2862.**

Supreme Court of Texas.

April 4, 1984.

Ray, Wood, Henderson & Fine, Randall B. Wood, Austin, for relator.

Robert R. Truitt, Midland, for respondents.

## ORIGINAL MANDAMUS PROCEEDING

POPE, Chief Justice.

Gary Wayne Painter seeks a mandamus to compel William T. Shaner, Midland Republican County Chairman, and the Midland County Republican Executive Committee, to place his name on the 1984 primary ballot as a candidate for Midland County Sheriff. This court granted leave to file the petition and after oral argument on March 27, ordered respondents to place Painter's name on the ballot, announcing that a written opinion would follow.

■ Mandamus will lie to compel the party chairman and executive committee to place relator's name on the ballot in a primary election if relator is entitled to be placed on the ballot. TEX.REV.CIV.STAT. ANN. art. 1735a (Vernon Supp.1984); *Baker v. Porter*, 160 Tex. 488, 333 S.W.2d 594 (1960); *Burris v. Gonzales*, 269 S.W.2d 696 (Tex.Civ.App.—San Antonio 1954). Painter first sought a mandamus from the Court of Appeals, Eighth Supreme Judicial District. *See* Tex.R.Civ.P. 474. That court held, with one Justice dissenting, that the stat-

ute's filing deadline is mandatory and requires strict compliance. 667 S.W.2d 356.

Article 13.12(c) of the Election Code required Painter to file his application with the county chairman by 6:00 p.m. on February 6, 1984. On February 6, the last day for filing, at about 3:00 p.m., Painter went to the office of Genise Builta, the County Elections Administrator, in the county clerk's office and designated his campaign treasurer as required by art. 14.02 of the Election Code. He picked up the candidate application forms and obtained the address of the Republican Party County office, the designated place to file.

Painter arrived at the County Republican Party office at about 4:15 p.m. with his completed application and the correct filing fee. The office was locked. Painter then proceeded to Shaner's business office and was told he was at an oil well site out of the county, approximately 170 miles from Midland. Painter returned to Builta's office between 4:30 and 5:00 p.m., and she contacted Shaner by phone. Shaner attempted to designate Builta as his agent to receive the application. Builta then called the Election Division of the Secretary of State's office which advised that Painter could not file the application and fee with Builta acting as agent for Shaner. Painter again phoned Shaner who was at the oil well location. Shaner told Painter that he would accept the application if Painter would bring it to him. Painter immediately started driving and reached Shaner at about 8:00 p.m. He tendered the application and filing fee which were received, but later returned as being received too late.

Shaner and the Republican Executive Committee concede that Painter met all legal qualifications, his application was in proper order and ready for filing at the time he presented himself to the locked office, and the filing fee was in the correct amount. They express the desire that he be a candidate if permitted by law. Their basis for refusing to print his name on the ballot is that the application was not filed prior to 6:00 p.m. as required by article 13.12(c) of the Election Code.

Painter personally and timely made his appearance at the correct place for him to file. No delay, miscalculation or dereliction on his part frustrated his filing before six o'clock. He was under no duty to do anything differently from what he did. The legislature wisely enacted a specific cutoff time and the courts have held that statutory mandates to be met by candidates should be strictly construed to assure compliance. *Burroughs v. Lyles*, 142 Tex. 704, 181 S.W.2d 570 (Tex.1944).

The Texas Legislature in stating the cutoff hour and day for candidates to file their applications did not authorize anyone to change that time and compel one to file a day earlier or at some different time. No party officer can alter the Election Code by absenting himself and closing his office. To permit that fact to defeat filing for state, district, county and precinct offices would frustrate the Election Code and the general policy of fair elections.

In *Bayne v. Glisson*, 300 So.2d 79 (Fla. App.1974), a candidate for the Florida House of Representatives had presented himself to the office of the Secretary of State seven minutes before twelve o'clock noon, the statutory deadline for filing. The offices were crowded with election officials, news media personnel, other candidates and members of the public. There were no directory signs, and the candidate's inquiries were unanswered. The candidate was directed to a wrong office by a secretary in the Secretary of State's office complex. When he reached the correct office, the candidate was stopped at the door and informed that he was too late.

The court held in *Bayne* that the candidate's physical presence in the office of the Secretary of State, accompanied with the necessary qualification papers and fees, after making a bona fide and diligent effort to present them to the proper official complied with the statutory deadline. A contrary rule would amount to an amendment to and a shortening of the statutory deadline, a result the legislature did not intend and that could lead to or encourage abusive practices.

We hold· that a candidate who presents himself on the last day for filing at the correct place, armed with all essential documents, but is thwarted in his efforts because he is locked out, is deemed to have timely filed his application for a place on the ballot. Shaner had a duty to be available to accept applications for filing until 6:00 p.m. on February 6. He, or a secretary designated by the Committee, should have been available to accept the application until that time.

We grant the petition for writ of mandamus and order the Midland County Republican Executive Committee and its Chairman, William T. Shaner, to place Gary Wayne Painter's name on the primary ballot for the office of County Sheriff. The respondents have stated their willingness to abide by the decision of this court and the writ of mandamus will issue only in the event they should fail to do so.