Martin WALLES, Relator,

v.

**The Honorable John McDONALD,
County Judge of Orange County,
Texas, Respondent.**

No. 94–0119.

Supreme Court of Texas.

Feb. 17, 1994.

---

Richard Ellis Turkel, Orange, for relator.

John Terrell Russell, John Kimbrough, Lauralee Ann Kiely Vallon, Orange, for respondent.

PER CURIAM.

Martin Walles seeks to compel the Honorable John McDonald, County Judge of Orange County, Texas, to accept his Declaration of Intent to seek the job of Orange County Judge as an independent candidate.

We conclude that he is entitled to mandamus relief.[1]

To be placed on the ballot as an independent candidate in the 1994 general election, Walles was required to file a Declaration of Intent with the incumbent before 6:00 p.m. on January 3, 1994. *See* TEX.ELEC.CODE ANN. §§ 142.002 and 172.023. Walles appeared at the Orange County courthouse on Friday December 31, 1993 and Monday January 3, 1994 to tender his Declaration, but on both days it was closed for a local holiday.[2] On January 4, Judge McDonald refused to accept the Declaration because the January 3 deadline had expired.

While recognizing that "statutory mandates to be met by candidates should be strictly construed," we have previously indicated that

> [t]he Texas legislature in stating the cutoff hour and day for candidates to file their application did not authorize anyone to change that time and compel one to file a day earlier or at some different time. No party officer can alter the Election Code by absenting himself and closing his office. To permit that fact to defeat filing for state, district, county and precinct offices would frustrate the Election Code and the general policy of fair elections.

*Painter v. Shaner*, 667 S.W.2d 123, 125 (Tex. 1984). That decision involved a potential candidate for sheriff, who was unable to make timely filing because a county political party chair was not in his office. We held that

> a candidate who presents himself on the last day for filing at the correct place, armed with all essential documents, but is thwarted in his efforts because he is locked out, is deemed to have timely filed his

application for a place on the ballot. [The Party Chairman] had a duty to be available to accept applications for filing until 6:00 p.m. on February 6. He, or a secretary designated by the Committee, should have been available to accept the application until that time.

*Id.* The inability to make proper application here was caused not by the candidate, but by the courthouse being closed.[3] We conclude that Walles satisfied the statutory requirements for filing his Declaration of Intent. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, a majority of this Court, without hearing oral argument, conditionally grants the petition for writ of mandamus. Having full faith that Judge McDonald will comply with our decision, the writ shall issue only in the event that he refuses to accept and file Walles' Declaration of Intent.

---

1. "The supreme court ... may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election ... regardless of whether the person responsible for performing the duty is a public officer." TEX.ELEC.CODE ANN. § 273.061.

2. Though neither day was an official state or federal holiday, Orange County Commissioners had voted in a public meeting to declare these county holidays, and notice of this action was published in local newspapers.

3. Unlike *Painter*, where the potential candidate took extra steps to complete his filing by attempting to locate the party chair, 667 S.W.2d at 124, Judge McDonald notes that he was available at his residence throughout the holidays, but that Walles made no effort to find him. However, the obligation of one seeking to be placed on the ballot is to appear "at the correct place" for filing, *id.* at 125, which Walles did. He should not be barred from the ballot simply because he did not exceed the statutory requirements.