**In re Lester Leon GIBSON.**

No. 10–98–015–CV.

Court of Appeals of Texas, Waco.

Jan. 22, 1998.

the McLennan County Republican Party Chair, M.A. Taylor, must declare Collins ineligible as the Republican Party candidate for county commissioner because Collins has failed to satisfy the statutory requirements for residency and because his application for a place on the Republican Party Primary Election Ballot is incomplete and thereby does not strictly comply with the statute governing a candidate's application. *See* TEX. ELEC.CODE ANN. § 141.001 (Vernon 1986), § 141.031 (Vernon Supp.1998). According to Gibson, because Collins has failed to strictly comply with the procedures for having his name placed on the primary election ballot, M.A. Taylor is required to declare Collins ineligible and remove Collins' name from the list of candidates for county commissioner.

Michael B. Roberts, Waco, for Relator.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is an original proceeding in mandamus. The relator, Lester Leon Gibson, seeks a writ of mandamus from this Court directing the Chair of the McLennan County Republican Party to declare the application of Bill Collins defective and remove his name from the ballot for the McLennan County Republican Party Primary Election for the office of County Commissioner, Precinct Two. We grant the requested relief.

## FACTUAL BACKGROUND

Lester Gibson currently serves as County Commissioner for Precinct Two in McLennan County, and because his term expires at the end of 1998, he has filed an application to have his name placed on the Democratic Party Primary Election Ballot. Bill Collins, seeking to challenge Gibson in the November general election, filed his application as a candidate with the Republican Party. In his petition for mandamus, Gibson alleges that

## STANDING

Gibson is a candidate for the office of County Commissioner, Precinct Two, in the Democratic Primary to be held in McLennan County on March 10, 1998. As an applicant for a place on the ballot for commissioner, Gibson has standing to sue and is entitled to the requested relief if Collins has failed to strictly comply with the Election Code. *Thiel v. Harris County Democratic Executive Comm.*, 534 S.W.2d 891, 892 (Tex.1976) (orig.proceeding); *see Fitch v. Fourteenth Court of Appeals*, 834 S.W.2d 335, 336 (Tex. 1992) (orig.proceeding); *Sears v. Bayoud*, 786 S.W.2d 248, 248–49 (Tex.1990) (orig.proceeding); *Cohen v. Rains*, 745 S.W.2d 949, 950 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding); *Adkins v. Rawls*, 182 S.W.2d 509, 512 (Tex.Civ.App.—Waco 1944, orig. proceeding).

## JURISDICTION

This Court has jurisdiction to entertain Gibson's petition and to issue the requested writ by virtue of the authority conferred on it by section 161.009 and section 273.061 of the Election Code. Section 273.061 provides:

The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, re-

gardless of whether the person responsible for performing the duty is a public officer. TEX. ELEC.CODE ANN. § 273.061 (Vernon 1986). Section 161.009 provides:

The performance of a duty placed by this code on an officer of a political party is enforceable by writ of mandamus in the same manner as if the party officer were a public officer.

TEX. ELEC.CODE ANN. § 161.009 (Vernon 1986).

Gibson has requested that this Court order the McLennan County Republican Party Chair, M.A. Taylor, to remove Collins' name as a candidate for county commissioner. As the officer of the Republican Party responsible for submitting the names of candidates to be placed on the primary election ballot, M.A. Taylor is subject to a writ of mandamus directing him to comply with the duties imposed on him by the Election Code. *Davis v. Taylor*, 930 S.W.2d 581, 584 (Tex.1996) (orig.proceeding); *Sears*, 786 S.W.2d at 249; *Escobar v. Sutherland*, 917 S.W.2d 399, 404 (Tex.App.—El Paso 1996, orig. proceeding); *Bejarano v. Hunter*, 899 S.W.2d 346, 349 (Tex.App.—El Paso 1995, orig. proceeding); *Strachan v. Lanier*, 867 S.W.2d 52 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). Consequently, if we conclude that Collins has failed to satisfy the statutory requirements imposed on potential candidates, then we will issue a writ ordering M.A. Taylor to declare Collins ineligible and to remove Collins' name from the list of candidates submitted to the McLennan County Elections Administrator to be placed on the Republican Primary Election Ballot.

## ISSUES PRESENTED

Having determined that this Court has jurisdiction to consider the merits of this mandamus proceeding and that Gibson is a proper party to have filed this petition, we turn now to the issues presented for our consideration: (1) Has Collins satisfied the statutory residency requirements for a candidate for county commissioner? and (2) Does Collins' application for candidacy in the primary election strictly comply with the requirements mandated by the Election Code? Because we conclude that Collins' application

does not strictly comply with the Election Code, we will issue the writ of mandamus ordering M.A. Taylor to remove Collins' name from the ballot as a candidate for County Commissioner, Precinct Two.

## DEFECTIVE APPLICATION

■ Collins filed an application to have his name placed on the Republican Party Primary Election Ballot with M.A. Taylor, the McLennan County Republican Party Chair, by the requisite filing deadline of January 2, 1998. *See* TEX. ELEC.CODE ANN. § 172.022(a)(2) (Vernon Supp.1998) (an application for a place on the primary election ballot must be filed with the county chair for an office filled by voters of a single county), § 172.023(a) (Vernon Supp.1998) (an application for a place on the primary election ballot must be filed no later than 6:00 p.m. on January 2 in the primary election year). However, Collins did not fully complete the application prior to having it verified. As part of the application, Collins was required to fill-in several blank spaces. The application contained the following section:

Before me, the undersigned authority, on this day personally appeared _____, who being by me here and now duly sworn, upon oath says: "I, _____, of _____ County, Texas, being a candidate for the office of _____, swear that I will support and defend the Constitution and laws of the United States and of the State of Texas. I am a citizen of the United States eligible to hold such office under the Constitution and laws of this state. I have not been declared mentally incompetent as determined by final judgment of a court, nor have I been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action. I am aware of the nepotism law, Chapter 573, Government Code...."

Collins signed the application, and the application is properly verified. However, the above spaces were left blank. Gibson argues that because Collins failed to fully complete his application, the application fails to satisfy

the statutory requirements governing a candidate's application. We agree.

A candidate for public office is required to file an application for a place on the primary election ballot with the appropriate party official, in this instance, the McLennan County Republican Party Chair. TEX. ELEC.CODE ANN. § 172.021(a) (Vernon 1986), § 172.022(a)(2). Among other requirements, this application must include the statement:

"I, _____, of _____ County, Texas, being a candidate for the office of _____, swear that I will support and defend the constitution and laws of the United States and of the State of Texas."

TEX. ELEC.CODE ANN. § 141.031(4)(K).

Upon receipt of a candidate's application, the party official is charged with the duty of reviewing the application within five days of the filing deadline and making a determination as to whether the application complies with all statutory requirements. TEX. ELEC. CODE ANN. § 141.032(a), (b) (Vernon 1986). If the application does not conform to the mandated requirements, then the party official must "reject the application and immediately deliver to the candidate written notice of the reason for the rejection." TEX. ELEC. CODE ANN. § 141.032(e) (Vernon 1986). The party official's duties do not end at this point. Within ten days of the date of the filing deadline, the party official is required to submit a list of candidates to the appropriate officials responsible for finalizing the primary ballot, here, the county clerk, the state chair, and the secretary of state. TEX. ELEC.CODE ANN. § 172.029 (Vernon 1986 & Supp.1998). If the candidate withdraws, dies, is declared ineligible, or has his or her application determined to not be in compliance with the statutory requirements, then the candidate's name must be omitted from the list. *Id.*

In the instant case, Collins' application was incomplete because he failed to fill-in the blanks which, by statute, are required to be included on his application for candidacy. *See* TEX. ELEC.CODE ANN. § 141.031(4)(K). In his response, Collins argues that he was not to blame for such omissions. He seeks to shift the responsibility for failing to properly complete his application to M.A. Taylor for failing to review his application and discover the noncompliance and to the notary public, who, according to Collins, would have filled-in the blanks had he not been called away to attend to a business emergency. Collins' argument is not persuasive.

"Statutory requirements concerning candidacy for public office are mandatory, and must be strictly construed to ensure compliance." *Bejarano,* 899 S.W.2d at 349 (citing *Wallace v. Howell,* 707 S.W.2d 876, 877 (Tex.1986) (orig.proceeding) and *Jones v. Mather* 709 S.W.2d 299, 300 (Tex.App.— Houston [14th Dist.] 1986, orig. proceeding)). Such compliance in regard to the completion of a candidate's application rests primarily on the shoulders of the candidate. *See id.* at 350; *see also Escobar,* 917 S.W.2d at 404. Although the county chair is charged with reviewing a candidate's application within five days of the filing of the application, the candidate, not the county chair, must ensure that the application strictly complies with state law. *Bejarano,* 899 S.W.2d at 350–51; *see Brown v. Walker,* 377 S.W.2d 630, 632 (Tex.1964) (orig.proceeding); *see also* TEX. ELEC.CODE ANN. § 141.032(a), (b).

On its face, Collins' application was defective, and upon review of the application and notification to Collins of the application's deficiency, M.A. Taylor was required to omit Collins' name from the list of candidates for inclusion on the McLennan County Republican Party Primary Election Ballot for the office of County Commissioner, Precinct Two. *See* TEX. ELEC.CODE ANN. § 172.029(d). Therefore, because M.A. Taylor has failed to omit Collins' name from the list of candidates due to Collins' defective application for candidacy, we grant the requested writ of mandamus. M.A. Taylor is hereby ordered to omit Collins' name as a candidate for the office of County Commissioner, Precinct Two, from the ballot. To the extent relief is not granted in this opinion, our earlier temporary order is vacated.

Due to our disposition of the second issue presented—that Collins must be omitted from the ballot because he filed a defective application for candidacy—we need not address the issue of whether Collins satisfied

the residency requirements of a candidate for a county office.

Because of the proximity of the date for the beginning of the early voting period, we will not entertain a motion for rehearing in this cause. *See* TEX.R.APP. P. 2; *Escobar,* 917 S.W.2d at 411; *but see* TEX.R.APP. P. 52.9.