**In re Bradley E. PARSONS.**

**No. 10–02–214–CV.**

Court of Appeals of Texas, Waco.

Aug. 7, 2002.

Bradley E. Parsons, Cleburne, pro se.

Roger Harmon, County Judge for Johnson County, Cleburne, pro se.

Bill Moore, Johnson County Attorney, Jim B. Simpson, Jason D. Tomlin, Johnson County Asst. Co. Attys., Cleburne, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## LEAD OPINION

TOM GRAY, Justice.

 Texas courts have used a simple distinction to determine who should suffer the consequences of failing to follow the election code. *Cf. Painter v. Shaner,* 667 S.W.2d 123 (Tex.1984); *In re Gibson,* 960 S.W.2d 418 (Tex.App.-Waco 1998, orig. proceeding). If the failure to comply with the election code is something within the candidate's control, the candidate is kept off the ballot. *Gibson,* 960 S.W.2d at 421. Alternatively, the candidate does not suffer the consequences caused by an election official's failure to perform a ministerial duty. *Painter,* 667 S.W.2d at 125; *see also Davis v. Taylor,* 930 S.W.2d 581 (Tex. 1996). This distinction is workable and serves the greater public good of certainty and predictability.

It is undisputed that Parsons failed to file a sworn application for his name to be placed on the ballot. A sworn application has not been filed even to this date. I have found no conduct of an election official that I can say was a violation of a ministerial duty owed to Parsons or the voters. Accordingly, the petition for writ of mandamus is denied.

My sympathies are extended to Mr. Parsons and all those people that worked so hard to complete the petitions necessary for him to run as an independent candidate. I can only offer them the assurance of knowing that if it had been otherwise, if Parsons had done everything necessary to get on the ballot but was prevented by an election official, I would, with equal fervor, enforce the letter of the law against that election official. For Parsons and his supporters, with the benefit of hind-sight, it would have been preferable if the documents had been filed well in advance of the deadline so that this type problem, one that arose at the last minute, could have been avoided.

Chief Justice DAVIS concurs in result only.

Justice VANCE dissents.

REX D. DAVIS, Chief Justice.

## CONCURRING OPINION[1]

I concur in the result of the lead opinion only.

BILL VANCE, Justice.

## DISSENTING OPINION

In two original proceedings,[1] Relators Larry Elwell and Bradley E. Parsons seek orders compelling County Judge Roger Harmon of Johnson County, Texas, the Respondent, to certify them as Independent Candidates in the November General Election for the respective offices of County Judge of Johnson County and Justice of the Peace, Precinct 4, Johnson County. TEX. ELEC.CODE ANN. § 142.010 (Vernon Supp.2002). Each tendered an "Independent Candidate's Application for a Place on the General Election Ballot" to Respondent. For different reasons, Respondent found that the applications did not comply with the applicable provisions of the Election Code and notified each Relator that his name would not appear on the November ballot. After requesting a response in each case and hearing oral argument, we decided to grant relief to Relator Elwell. *See In re Elwell,* 2002 WL 1808990, 110

---

1. Jurisdiction is granted by the Election Code. TEX. ELEC.CODE ANN. §§ 273.061–.063 (Vernon

1986 & Supp.2002).

S.W.3d 11, 14 (Tex.App.-Waco, August 7, 2002). Believing that Relator Parsons is also entitled to relief, which the majority denies, I will briefly set forth the essential facts and my reasons.

Parsons filed a Declaration of Intent to be an Independent Candidate with Respondent, who acknowledged it ·by letter. *Id.* § 142.001 (Vernon 1986). With the letter, Respondent sent a package of information, including a copy of a Memorandum he had received from the Secretary of State of Texas outlining generally the steps a potential independent candidate must take to appear on the November ballot. That memo includes the statement: "... the independent candidates must also file an application, together with a petition, no later than 5:00 p.m. on May 9, 2002." Respondent's letter also refers to an application and a petition.

At approximately 4:00 p.m. on May 9, Elwell delivered a folder to Sandy Sims in Respondent's office, which he believed contained all the necessary documents for Respondent to certify his and Parson's names as independent candidates for the offices of County Judge and Justice of the Peace. After Elwell left, Sims checked the contents of the folder and discovered that, although it contained the necessary petitions signed by the requisite number of qualified voters in the county, no application forms were included. *Id.* § 142.004(a), (b) (Vernon 1986) (application required, accompanied by a petition); § 141.062 (Vernon 1986) (requisites of a petition).

Shortly thereafter, Sims placed a telephone call to Relator at the number he had provided on his Declaration form. Finding him unavailable, she advised the person answering the phone that an application was not included in the envelope and that the deadline for filing was 5:00 p.m. that day. At approximately 4:20 p.m., Alden Nellis, a friend of Relator, went to Respondent's office and picked up blank application forms. Sims left the office at 4:30.

Respondent does not contend that Relator's application was filed late. He rejected it because it "was not properly verified." TEX. ELEC.CODE ANN. § 141.031(2) (Vernon Supp.2002).

Almost immediately after Sims tried to reach him, Parsons called to say that he would attempt to be in Respondent's office before 5:00 p.m. By the time Parsons arrived, Sims, who is a Notary Public, had left. Parsons signed his application before Respondent and in the presence of Nellis. He affixed his "right index fingerprint" to his signature "thereby confirming [his] identity." Nevertheless, Respondent later notified him that his name would not appear on the ballot.

Respondent acknowledges that the application was presented to him personally. He says, however, that Parsons "did not swear upon oath as to the information contained in the Application nor did he request [Respondent] take his oath."

Respondent is an officeholder listed among those authorized to administer oaths. TEX. CIV. PRAC. & REM.CODE ANN. § 121.001(a)(2) (Vernon Supp.2002). The application was presented to him and signed before him. Accordingly, I would hold that Parsons's application was sufficient under the Election Code and conditionally issue a writ of mandamus directing Respondent to certify Parsons as an Independent Candidate for Justice of the Peace, Precinct 4, Johnson County, Texas, in the November General Election. Because the majority declines to do so, I respectfully dissent.