In re Bradley E. Parsons















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-214-CV

IN RE BRADLEY E. PARSONS

 

 Original Proceeding
                                                                                                                

LEAD OPINION
                                                                                                                

      Texas courts have used a simple distinction to determine who should suffer the consequences
of failing to follow the election code. Cf. Painter v. Shaner, 667 S.W.2d 123 (Tex. 1984); In re
Gibson, 960 S.W.2d 418 (Tex. App.—Waco 1998, orig. proceeding). If the failure to comply
with the election code is something within the candidate’s control, the candidate is kept off the
ballot. Gibson, 960 S.W.2d at 421. Alternatively, the candidate does not suffer the consequences
caused by an election official’s failure to perform a ministerial duty. Painter, 667 S.W.2d at 125;
see also Davis v. Taylor, 930 S.W.2d 581 (Tex. 1996). This distinction is workable and serves
the greater public good of certainty and predictability. 
      It is undisputed that Parsons failed to file a sworn application for his name to be placed on the
ballot. A sworn application has not been filed even to this date. I have found no conduct of an
election official that I can say was a violation of a ministerial duty owed to Parsons or the voters. 
Accordingly, the petition for writ of mandamus is denied.
      My sympathies are extended to Mr. Parsons and all those people that worked so hard to
complete the petitions necessary for him to run as an independent candidate. I can only offer them
the assurance of knowing that if it had been otherwise, if Parsons had done everything necessary
to get on the ballot but was prevented by an election official, I would, with equal fervor, enforce
the letter of the law against that election official. For Parsons and his supporters, with the benefit
of hind-sight, it would have been preferable if the documents had been filed well in advance of the
deadline so that this type problem, one that arose at the last minute, could have been avoided. 

                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Chief Justice Davis concurring in result only)
      (Justice Vance dissenting)
Writ denied
Opinion delivered and filed August 7, 2002
Publish
[CV06]