

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00026-CV

**IN RE** Marisa Cristina **BALDERAS**

Original Mandamus Proceedings[1]

Opinion by: Rebeca C. Martinez, Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: January 16, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

On January 9, 2014, relator Marisa Cristina Balderas filed a petition for writ of mandamus complaining of the trial court's orders granting mandamus relief and a temporary restraining order, the effect of which were to remove Balderas's name from the Democratic Party primary ballot for the office of Judge of Bexar County Court at Law No. 5. Because we conclude the district court properly exercised its jurisdiction to grant a temporary restraining order in this instance and did not abuse its discretion in doing so, we deny the petition for writ of mandamus. We express no opinion as to the propriety of the trial court's order granting mandamus relief.

The real party in interest in this proceeding, Brenda Levenstein, filed a challenge in district court to Balderas's application for a place on the ballot for the upcoming March 2014 primary

---

[1] This proceeding arises out of Cause No. 2013-CI-20486, styled *In re Brenda Levenstein*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable David Peeples presiding.

election in Bexar County. *See* TEX. ELEC. CODE ANN. § 141.034 (West 2010) (challenge to an application for a place on the ballot for failure to comply with the applicable requirements as to form, content and procedure may be made up until the day before the beginning of early voting by personal appearance). The basis of Levenstein's challenge was that Balderas's application, which was filed on the last day for submitting applications for a place on the ballot, was not accompanied by a sufficient check for the required filing fee. The Bexar County Democratic Party Chair reviewed Balderas's application within five days of its submission and approved Balderas's application, certifying her name to the Secretary of State as a candidate. *See* TEX. ELEC. CODE ANN. § 141.032(b) (West Supp. 2013).

Following a hearing on December 24, 2013, the trial court signed an order on January 3, issuing a writ of mandamus directing the party chair to remove Balderas's name from the ballot. The order included the court's finding that Balderas, "did not satisfy the Election Code's requirements to appear on the ballot." The trial court then signed an amended order on January 5, 2014, which included both the previously ordered mandamus relief and a temporary restraining order. In the temporary restraining order, the trial court enjoined the party chair from "includ[ing] or certify[ing] Marisa Cristina Balderas' name on the ballot to be reported to the state and county authorities for the March 2014 Bexar Democratic Party Primary Election for the office of Judge of Bexar County Court at Law No. 5." The court further noted, "Unless the Court issues the above injunctive relief, [the party chair] will give notice on January 6, 2014 of Marisa Cristina Balderas' position on the ballot of the Bexar County Democratic Party for Judge of Bexar County Court at Law No. 5 and will not remove her name from the ballot." The court set Levenstein's application for temporary injunction for hearing on January 16, 2014.

Balderas filed a petition for writ of mandamus in this court asserting the district court lacked jurisdiction to issue a writ of mandamus; the district court lacked jurisdiction to grant relief

because Levenstein lacked standing to assert a challenge; and, even if the trial court had jurisdiction to enter the orders complained of, the orders constituted an abuse of the trial court's discretion for which Balderas would have no adequate remedy by appeal.

As a rival candidate for the office to which Balderas sought to be included as a candidate, Levenstein had standing to bring a challenge asserting that Balderas's application failed to meet the requirements of the Election Code. *See In re Gibson*, 960 S.W.2d 418, 419 (Tex. App.—Waco 1998, orig. proceeding); *Cohen v. Rains*, 745 S.W.2d 949, 951 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding). The trial court concluded Levenstein's challenge was timely and we find no abuse of discretion in that conclusion. Where a challenge to a party's application cannot be tried and a final decision rendered as to the validity or invalidity of the application in time for substantial compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the election, a challenge may become moot. *See, e.g., Sterling v. Ferguson*, 52 S.W.2d 753, 761 (Tex. 1932). At the time the trial court granted the temporary restraining order in this case, adequate time remained for a final resolution of Levenstein's challenge prior to the deadline for election officials to prepare and distribute absentee ballots. *See* TEX. ELEC. CODE ANN. § 86.004(b) (West Supp. 2013); *see also Escobar v. Sutherland*, 917 S.W.2d 399, 406 (Tex. App.—El Paso 1996, orig. proceeding). The trial court did not abuse its discretion in exercising jurisdiction over Levenstein's challenge.

A challenge to the compliance of an application made after the county chair has lost authority to act unilaterally may be made either to an appellate court as an original proceeding in mandamus or to the district court as an application for injunctive relief. *See Escobar*, 917 S.W.2d at 410. The fact that the party chair initially approved the application and submitted Balderas's name to the Secretary of State does not preclude a later determination that the application failed to comply. *See* TEX. ELEC. CODE ANN. § 141.032(d) (West Supp. 2013). If a candidate's application

does not comply with the Code's requirements, the party chair "shall reject the application" and must remove the candidate's name from the list submitted to the Secretary of State. *See* TEX. ELEC. CODE ANN. § 141.032(e) (West Supp. 2013); TEX. ELEC. CODE ANN. § 172.029(d) (West Supp. 2013); *Escobar*, 917 S.W.2d at 406. The trial court's restraining order enjoined the party chair from including Balderas's name on the ballot to be reported to state and county election officials on January 6, 2014. *See* TEX. ELEC. CODE ANN. § 52.002 (West 2010) (outlining responsibilities of authority responsible for preparation of official ballots). The trial court did not abuse its discretion in granting the temporary restraining order, as Balderas stipulated that the check provided on the deadline for filing her application for placement on the ballot was returned for insufficient funds. *See* TEX. ELEC. CODE ANN. § 141.032(g) (West Supp. 2013) (after the filing deadline, a candidate may not submit and the authority may not accept an amended application under section 141.031).

## CONCLUSION

We conclude that the trial court properly exercised its jurisdiction to grant equitable injunctive relief in this instance. The temporary restraining order granted was not an abuse of the trial court's discretion. Accordingly, Balderas's petition for writ of mandamus is denied. We express no opinion as to the propriety of the trial court's order granting mandamus relief.

Rebeca C. Martinez, Justice