## BURRIS v. GONZALEZ et al.

### No. 12765.

Court of Civil Appeals of Texas.

San Antonio.

June 21, 1954.

John Peace, San Antonio, Sam H. Burris, Alice, for appellant.

Joe Burkett, San Antonio, Raymond, Algee, Alvarado, Kazen & Woods, Laredo, for appellees.

PER CURIAM.

This is an original application on the relation of Sam H. Burris for a writ of mandamus against E. G. Gonzalez and others, to compel the named respondent, as chairman, and the other respondents, as members of the County Democratic Executive Committee of Starr County, to place relator's name on the ballot to be voted in the general Democratic Primary Election on July 24, 1954, as a Democratic candidate for the office of District Attorney of the 79th Judicial District of Texas.

Relator timely filed an application with the County Chairman of the Democratic Party of Starr County, meeting all the requirements of the Election Code, V.A.T.S., with the one exception that the notary public who took relator's acknowledgment to his application neglected to affix her signature and seal of office thereto.

This application was timely received, filed and its receipt duly acknowledged by the Democratic County Chairman of Starr County. After the time of filing for such office had passed said County Chairman

notified relator, in effect, that his name would not be placed upon the official ballot because the notary had not signed the acknowledgment or placed his seal thereon.

■ We have jurisdiction, under the provisions of Art. 1735a, Vernon's Ann. Tex.Stats., to hear and determine this petition, Starr County being a part of this the Fourth Supreme Judicial District of Texas. Brewster v. Massey, Tex.Civ.App., 232 S.W.2d 678.

We are shown by the sworn allegations of the petition, which are not denied by respondents, that relator did in fact acknowledge his application and swear to his loyalty oath before a notary public duly authorized to take such acknowledgment and affidavit, but through inadvertence the notary public failed to sign such acknowledgment and the jurat to the affidavit.

■ The jurat to an affidavit and the certificate of acknowledgment are only evidence as to whether such affidavit was properly sworn to and such acknowledgment was in fact made before the notary

public. Where the certificate of acknowledgment was not signed by the notary public such fact may be shown by extrinsic evidence.

■ The undisputed averments contained in the petition for mandamus are sufficient to show that relator did in truth and in fact swear to his loyalty affidavit and did in truth and in fact acknowledge his application. Under such circumstances he is entitled to have his name placed upon the ballot.

Accordingly, the petition for mandamus will be granted and the writ of mandamus issued ordering relator's name printed upon the ballot as prayed for, provided he meets the further requirements of the Election Code, such as the payment of the assessment made against him by the County Executive Committee.

Due to the emergency which here exists and the shortage of time within which the ballots must be printed, no motion for a rehearing will be entertained by us and this order will become effective at once.