**Mary Elizabeth BACON, Relator,**

v.

**HARRIS COUNTY REPUBLICAN EXECUTIVE COMMITTEE, Respondent.**

**No. C–14–88–012–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1988.

## OPINION

PER CURIAM.

In this mandamus proceeding the relator, Hon. Mary Elizabeth Bacon, Judge of the 338th Judicial District Court of Harris County, Texas, asks this Court to order respondent, Ires Manes, Secretary, Harris County Republican Party Executive Committee, to omit the name of the real party in interest, Mark Sokolow, from the Republican Party primary election ballot for the general primary election to be held on March 8, 1988. We deny the petition for writ of mandamus.

Sokolow has filed an application, accompanied by petitions, to have his name placed on the ballot for the office of Judge of the 338th District Court of Harris County for the Republican Primary.

Relator first asserts that Sokolow's application is defective because it does not state that the office sought is that of *Judge*, 338th District Court, but states only that the office sought is that of "338th District Court."

Section 172.021 of the Texas Election Code requires that a candidate make an

application for a place on the ballot to be entitled to a place on the general primary election ballot. The same section provides that the application must comply with the provisions of Section 141.031 of the Texas Election Code.

Section 141.031 states that a candidate's application for a place on the ballot must include "the office sought, including any place number or other distinguishing number."

Sokolow's application lists in the block entitled OFFICE SOUGHT the statement "338th District Court, Harris Cty." Also, in the affidavit and loyalty oath portion at the bottom of the application form, Sokolow states that he is "a candidate for the office of 338th D. Ct." Seventy-five pages of petitions accompanied Sokolow's application for a place on the ballot. These petitions, signed by registered voters in Harris County, were required by Section 172.021(e) of the Texas Election Code. Each of the seventy-five pages of petitions states that the office sought by Sokolow is that of "Judge, 338th Dist. Ct." or "Judge, 338th D. Ct."

Section 141.032 of the Texas Election Code provides as follows:

(a) On the filing of an application for a place on the ballot, the authority with whom the application is filed shall review the application to determine whether it complies with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot.

\* \* \* \* \* \*

(c) If the application is accompanied by a petition, the petition is considered part of the application, and the review shall be completed as soon as practicable after the date the application is received by the authority.

We hold that respondent was required to consider the seventy-five pages of petitions as part of the application for a place on the ballot. When so considered, Sokolow has included in his application the statement of the office sought in compliance with the requirements of Texas Election Code § 141.031.

■ Relator next challenges Sokolow's application for a place on the ballot on the ground that it is not accompanied by a petition or petitions containing at least 250 valid signatures.

As applied to this case Texas Election Code § 141.063 provides that a signature on a petition is valid if (1) the signer, at the time of signing, is a registered voter of Harris County and (2) the petition includes the signer's residence address, voter registration number, the date of signing and the signer's printed name.

Texas Election Code § 1.005(17) provides as follows:

In this code:

(17) "Residence address" means the street address and any apartment number, or the address at which mail is received if the residence has no address, and the city, state and zip code that correspond to a person's residence.

At submission and oral argument of this proceeding, the relator, the respondent and the real party in interest all agreed that if the challenges based solely on the failure to include Texas as part of the residence address are denied, Sokolow would have more than 250 valid signatures on his petitions and would be entitled to have his name placed on the ballot.

Relator contends that all signatures that do not include the word "Texas" as a part of the residence address are invalid even though the street address, the city and the zip code are included. In two very recent cases, *Love v. Veselka*, —— S.W.2d ——, No. 01–88–00008–CV (Tex.App.—Houston [1st Dist.], Jan. 7, 1988, orig. proceeding) (not yet reported); and *Cohen v. Strake*, 743 S.W.2d 366, (Tex.App.—Houston [14th Dist.], orig. proceeding), contentions identical to that of relator have been rejected. In each case the court held that failure to include Texas as a part of the residence address of a petition signer did not render the signature invalid under Section 141.063 and Section 1.005(17) of the Texas Election Code.

We elect to follow those two cases and hold that Sokolow has more than 250 valid signatures on his petition and is entitled to have his name placed on the ballot.

Relator makes a strong argument that *Love v. Veselka* and *Cohen v. Strake* were wrongly decided and that the rule requiring a candidate to strictly comply with the express provisions of the Texas Election Code should be applied so as to result in a decision that all such signatures are invalid. For the reasons set forth in the opinions in those two cases, we reject relator's contention and deny the petition for writ of mandamus.

No motion for rehearing will be allowed in this proceeding.