**Harriet O'NEILL, Relator,**

v.

**Ken BENTSEN, Chair, Harris County Democratic Party Executive Committee and Harris County Democratic Party Executive Committee, Respondents.**

**No. C14–92–00048–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 1992.

J. Eugene Clements, Warren W. Harris, Houston, for relator.

Ken Bentsen, Bonnie J. Fitch, David F. Webb, Michael B. Charlton, Houston, for respondents.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

In this original proceeding for writ of mandamus relator Harriet O'Neill seeks an order from this court requiring Ken Bentsen, Chair of the Harris County Democratic Party Executive Committee, and the Harris County Democratic Party Executive Committee to remove the name of Bonnie Fitch, the real party in interest, from the Democratic Party March, 1992 Primary Ballot. We grant the relief requested.

The parties involved in this suit include the relator, Harriet O'Neill, who is the candidate in the Republican party primary for the office of judge of the 152nd District Court of Harris County. Respondents are Ken Bentsen, Chair of the Harris County Democratic Party Executive Committee, and the Harris County Democratic Party Executive Committee. The real party in interest is Bonnie Fitch, who has been certified as a candidate in the Democratic party primary for the office of judge of the 152nd District Court of Harris County.

This mandamus arises from the placement of Bonnie Fitch's name on the Democratic party primary ballot by Ken Bentsen and the Harris County Democratic Party Executive Committee. On December 27, 1991, Bonnie Fitch filed an Application for a place on the Democratic Party 1992 General Primary Ballot and a Petition for Judicial Office on Primary Ballot. The petition forms filed by Fitch fail to state which political party or party primary she desires to run in.

As dictated by TEX.ELEC.CODE ANN. § 172.029(a) (Vernon 1986), Ken Bentsen compiled a List of Candidates to be placed on the Democratic Party General Primary Election Ballot. Bentsen placed Bonnie Fitch's name on that list despite the fact that her petition did not comply with the TEX.ELEC.CODE ANN. § 172.027 (Vernon Supp.1992) by stating that the purpose of the petition was to entitle her to have her name placed on the ballot for the Democratic Party Primary. Relator seeks this writ of mandamus to require the respondents to remove Bonnie Fitch's name from the List of Candidates and from the ballot for the Democratic Party 1992 General Primary. Relator bases her claim for relief on the ground that Bentsen violated a duty imposed by law in certifying Fitch for the primary ballot. She also asserts that she has no adequate remedy at law.

The relator claims that Bonnie Fitch's petition forms do not comply with the requirements of TEX.ELEC.CODE ANN. § 141.-064 and 172.027 (Vernon Supp.1992). Relator argues that the failure of the petition forms to comply with these provisions of the code render placement by respondents of Fitch's name on the List of Candidates and the ballot for the Democratic party primary improper. The election code requires a candidate to file an application for a place on the ballot. TEX.ELEC.CODE ANN. § 172.021(a) (Vernon 1986) & TEX.ELEC. CODE ANN. § 141.031 (Vernon Supp.1992). Section 172.021(b) and (e) require that the

application be accompanied by a petition. The petition is circulated for the purpose of obtaining the signatures of registered voters in support of the placement of the candidate's name on the ballot. TEX.ELEC. CODE ANN. § 172.027 (Vernon Supp.1992) requires that the following statement appear on the top of each page of the voter petition:

I know that the purpose of this petition is to entitle (*insert candidates name*) to have his name on the ballot for the office of (*insert office title, including any place number or other distinguishing number*) for the (*insert political party's name*) primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary election, during the voting year in which this primary election is held.

The petitions submitted with Bonnie Fitch's application reads as follows:

I know that the purpose of this petition is to entitle *Bonnie Fitch* to have her name placed on the ballot for the office of *152nd Civil District* for the *March, 1992* primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary election, during the voting year in which this primary election is held.

This provision fails to identify the party primary in which Fitch plans to run. The statute requires that the person who circulates this petition must read this provision to the voter prior to signing. The code requires that an affidavit be filed with the petitions by the person responsible for reading this provision to the voters who sign. TEX.ELEC.CODE ANN. § 141.065 (Vernon 1986). This affidavit must state that the statutory provision was in fact read to the voter prior to signing. This statement at the top of Fitch's application failed to comply with the statute in that it failed to give the voter notice of the particular party primary Fitch was running in. This failure

made it impossible for the voter to comply with the restriction stated in the provision that the signer vote in no other party primary. The voter had no way of knowing from the petition that Fitch's name was to be placed on the Democratic Party Primary Ballot.

Fitch turned this petition into Ken Bentsen. He had the duty to review the application to determine if it complied with the statutory requirements for placement on the ballot. TEX.ELEC.CODE ANN. § 141.-032(c) (Vernon 1986). He prepared the List of Candidates for the ballot and filed this list with the county clerk, the secretary of state and the state Democratic party chairman as required in section 172.029(c). Fitch's name should not have been placed on the list because of the failure of her petition to comply with section 172.027. Bentsen violated the statute by placing Fitch's name on the list and certifying her name to be placed on the ballot.

It is clear that section 172.027 requires that all of the provisions be included at the top of the petition. Section 141.-064 adds emphasis to the importance of section 172.027 by requiring that this provision be not only written verbatim at the top of the petition, but also that it be read to the voter prior to signing. The case law supports the strict statutory construction of the provisions of the election code. A candidate for public office must comply with all statutory requirements to be entitled to have his/her name on the ballot. *Brown v. Walker*, 377 S.W.2d 630, 632 (Tex.1964, orig. proceeding). This court has held that if the word "must" appears in the Election Code then that section requires mandatory compliance. *Cohen v. Strake*, 743 S.W.2d 366, 368 (Tex.App.— Houston [14th Dist.] 1988, orig. proceeding). The supreme court has made it clear that the sections of the code dealing with candidacy for political office are mandatory and are to be strictly enforced. *Wallace v. Howell*, 707 S.W.2d 876, 877 (Tex.1986, orig. proceeding). The leading cases interpreting the predecessor statutes to sections 141.064 and 172.027, which placed the same requirements on candidates, held that those

sections of the code were mandatory. *Geiger v. DeBusk,* 534 S.W.2d 437 (Tex.Civ. App.—Dallas 1976, orig. proceeding); *Gray v. Vance,* 567 S.W.2d 16 (Tex.Civ.App.— Fort Worth 1978, orig. proceeding).

Respondents argue that the petition substantially complied with the statutory requirements as evidenced by the affidavits filed with their response. The affiants in these affidavits say that the purpose of the statute was upheld by the petition circulators who told the signors that Fitch was a candidate in the Democratic Party Primary. Respondents assert that these affidavits present fact issues to be decided by the trial court. We find otherwise. The statute is specific as to the wording required on the petition, and assertions of verbal compliance with the statute fail to constitute even substantial compliance not to mention the strict compliance mandated. Thus, no fact issues are presented by the assertions presented in the affidavits of verbal compliance. No disputed fact issues are presented for resolution by a trial court under this argument.

■ Respondents also claim that if this court enforces these election code provisions and follows the case law precedents then the voters' 1st and 14th Amendment rights will be violated. They assert that constitutional and factual issues are presented under this claim which should be resolved by a trier of fact. After review of this matter, we find no fact issues presented and respondents failed to point out any fact issues in their briefs or during oral argument. These constitutional rights asserted by respondents do not prevent the legislature from enacting statutory provision for the conduct of general and primary elections. The sections involved in this case are clearly administrative provisions dealing with the requirements a candidate must comply with in order to be placed on the primary ballot. Just like any filing deadline imposed by the statute, these provisions require compliance in order for the candidate to be placed on the ballot. The constitutional rights asserted have no effect on compliance with these provisions.

■ The Election Code sections have not been complied with, and as a result of this non-compliance Fitch's application for a place on the ballot and the accompanying petition are invalid. Based on this failure to strictly comply with the mandatory statutory provisions, it was a violation of duty for Ken Bentsen to submit Fitch's name on the List of Candidates and to certify her name to be placed on the ballot. Accordingly we grant relator the relief requested in her petition and order issuance of the writ of mandamus requiring the respondents to remove and exclude from the ballot the name of Bonnie Fitch as a candidate for judge of the 152nd District Court in the March 1992 Democratic Party Primary. In view of the time constraints imposed by law for such challenges, no motions for rehearing will be permitted or entertained.