Bonnie FITCH, Relator,

v.

FOURTEENTH COURT OF
APPEALS, Respondent.

Ken BENTSEN, Chair, Harris County
Democratic Party Executive Committee
and Harris County Democratic Party
Executive Committee, Relators,

v.

The COURT OF APPEALS FOR the
FOURTEENTH SUPREME JUDICIAL
DISTRICT AT HOUSTON, Texas, Re-
spondent.

Nos. D-2060, D-2064.

Supreme Court of Texas.

June 10, 1992.

Rehearing Overruled July 1, 1992.

Michael B. Charlton, Karen A. Lerner, Houston, for relator.

J. Eugene Clements, Warren W. Harris, Houston, for respondent.

## OPINION

MAUZY, Justice.

In these two original mandamus proceedings, we examine provisions in the Texas Election Code concerning the requirements for candidate applications and petitions. The court of appeals, applying these provisions, ordered that Bonnie Fitch's name be removed from the March 1992 Democratic Party primary ballot because of a defect in her petition. 824 S.W.2d 744. We stayed the effect of the court of appeals' decision, and Fitch, who was the sole candidate in the Democratic Party primary for judge of the 152nd Judicial District, became the party's nominee. We now hold that the defect in Fitch's petition did not bar her candidacy, and we therefore order the court of appeals to withdraw its writ of mandamus.

Under the Texas Election Code, a candidate in a general primary election must make a formal application to be placed on the ballot. Tex.Elec.Code § 172.021(a); *see also* § 141.031 ("General Requirements for Application"). For most offices, the application must be accompanied by either a filing fee or, instead, a petition bearing a requisite number of signatures of registered voters. § 172.021(b); *see also* § 141.062 ("Validity of Petition"). For certain offices, however, the application must be accompanied by a petition even if the candidate chooses to pay the filing fee. *See* § 172.021(e).[1]

---

1. This requirement applies to a candidate for any of the following offices: justice of the peace in a county with a population of more than 850,000, § 172.021(e); chief justice or justice of a court of appeals that serves a court of appeals district in which a county with a population of

Bonnie Fitch sought a position on the Democratic Primary election ballot as a candidate for the office of judge of the 152nd District Court in Harris County. Choosing not to pay a filing fee, Fitch submitted along with her application a petition bearing 2,058 signatures—a number well beyond the statutory minimum of 750.[2] The Chairman of the Harris County Democratic Party Executive Committee, Ken Bentsen, accepted Fitch's application and subsequently included Fitch's name on the list of candidates for placement on the general primary election ballot. *See* Tex.Elec. Code § 172.029. Fitch was the sole candidate in the Democratic Party primary for the office she sought.

After the deadline for the filing of applications had passed, Harriet O'Neill, the sole candidate in the Republican Party primary for the office of judge of the 152nd District Court, brought an original mandamus proceeding in the court of appeals against Bentsen and the Harris County Democratic Party Executive Committee. O'Neill sought the removal of Fitch's name from the general primary election ballot on the ground that the statements on Fitch's petition failed to satisfy statutory requirements. *See* Tex.Elec.Code § 172.027.

The Texas Election Code requires that the following statement appear at the top of each page of a candidate's petition:

> I know that the purpose of this petition is to entitle (*insert candidate's name*) to have his name placed on the ballot for the office of (*insert office title, including any place number or other distinguishing number*) for the (*insert political party's name*) primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of

another party, including a party not holding a primary election, during the voting year in which this primary election is held.

§ 172.027. A person circulating a petition must point out and read this statement to every person signing the petition. § 141.-064(1); *see also* § 141.065(a)(1) (requiring affidavit of circulator).

The statement appearing on each page of Fitch's petition reads as follows:

> I know that the purpose of this petition is to entitle *Bonnie Fitch* to have his name placed on the ballot for the office of *152nd Civil District* for the *March, 1992* primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary election, during the voting year in which this primary election is held.

O'Neill's complaint concerned the space provided for the political party's name. Instead of naming the Democratic Party, the statements on Fitch's petition declare that Fitch is seeking a position on the ballot for the "March, 1992" primary election.

Fitch acknowledged that the statements on the petition were prepared incorrectly, but argued that she had substantially complied with all statutory requirements. In support of this argument, Fitch offered affidavits from all persons who circulated the petition stating that they had informed every signer that Fitch was seeking a place on the ballot for the Democratic primary election. Fitch also argued that disallowing her candidacy would violate her constitutional rights, as well as those of the petition signers and the voters of the 152nd Judicial District.

---

more than 850,000 is wholly or partly situated, § 172.024(a)(8); district or criminal district judge of a court in a judicial district wholly contained in a county with a population of more than 850,000, § 172.024(a)(10); or judge of a statutory county court in a county with a population of more than 850,000, § 172.-024(a)(12).

If a candidate for one of these offices does choose to pay the filing fee, the candidate's petition must contain at least 250 signatures; if

not, the number of signatures otherwise required is increased by 250. § 172.021(e).

**2.** Because the 152nd Judicial District is wholly contained in Harris County, *see* Tex.Gov't Code § 24.251, the office of judge of the 152nd District Court falls within section 172.024(a)(10) of the Election Code. Thus, under section 172.-021(e), the petition must have 250 signatures in addition to the 500 that would otherwise be required. *See* Tex.Elec.Code § 172.025.

The court of appeals rejected Fitch's arguments. Holding that the Election Code provisions must be strictly construed, the court of appeals concluded that Bentsen had violated his statutory duty by placing Fitch's name on the list of candidates in spite of the defect in her petition. 824 S.W.2d 744. It therefore issued a writ of mandamus requiring Bentsen and the Harris County Democratic Party Executive Committee to "remove and exclude" Fitch's name from the ballot for the March 1992 Democratic Party Primary. 824 S.W.2d 744.

Fitch then brought an original mandamus proceeding in this court seeking relief from the writ of mandamus issued by the court of appeals. Bentsen and the Harris County Democratic Party Executive Committee (collectively "Bentsen") brought a similar proceeding of their own. On February 18, 1992, we consolidated the two proceedings, granted leave to file the petitions for writ of mandamus, and stayed the effect of the court of appeals' order to protect our jurisdiction.

After the primary election on March 10, 1992, Fitch and O'Neill became the Democratic and Republican nominees for the office of judge of the 152nd Judicial District. Although the court of appeals' decision refers only to the March 1992 Democratic Party primary, it would effectively bar Fitch from running in the November general election as well. Thus, neither Fitch nor O'Neill argues that this controversy has become moot.

The court of appeals' opinion is based largely on section 141.032(c) of the Texas Election Code, which governs the review of a petition by the authority with whom the application is filed. Section 141.032(c) states:

If an application is accompanied by a petition, the petition is considered part of the application, and the review shall be completed as soon as practicable after the date the application is received by the authority.

Citing this section, the court of appeals held that Bentsen had violated his duty to review the application to determine wheth-

er it complied with the statutory requirements for placement on the ballot. 824 S.W.2d 744. The court of appeals opinion does not expressly address the provision in section 141.032(c) that "the petition is considered part of the application."

That language was addressed, however, in another recent decision of the court of appeals. *See Bacon v. Harris County Republican Executive Comm.*, 743 S.W.2d 369, 370 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding). The relator in *Bacon* sought to have a candidate's name removed from the Republican Party primary election ballot on the ground that the candidate's application was defective. The specific defect asserted was that the application did not state that the office sought was that of *Judge* of the 338th District Court, but rather stated that the office sought was that of "338th District Court." This title, the relator argued, failed to satisfy the statutory requirement that the application include "the office sought, including any place number or other distinguishing number." Tex.Elec.Code § 141.-031(4)(C).

In considering this complaint, the *Bacon* court looked to the petitions that the candidate had filed, which stated that the office sought was that of "Judge, 338th Dist. Ct." or "Judge, 338th D.Ct." 743 S.W.2d at 370. After quoting from section 141.032 of the Election Code, the court of appeals stated:

We hold that respondent was required to consider the seventy-five pages of petitions as part of the application for a place on the ballot. When so considered, [the candidate] has included in his application the statement of the office sought in compliance with the requirements of Texas Election Code § 141.031.

*Id.* Thus, reading the application together with the petition, the court rejected the argument that the Harris County Republican Executive Committee had violated a duty imposed by section 141.032.

We approve the reasoning of *Bacon,* and agree with Bentsen that it applies squarely to the facts of this case. Section 141.032(c) expressly provides that when an application

is accompanied by a petition, "the petition is considered part of the application." While the statements on Fitch's petition do not name the Democratic Party, Fitch's application does state that she is applying for a place on the Democratic Party 1992 general primary ballot. Bentsen properly read the application together with the petition, and determined that Fitch had adequately identified the primary election in which she sought to run. Under these circumstances, we conclude that Bentsen did not violate any duty under section 141.-032 by placing Fitch's name on the list of candidates for the Democratic Party general primary ballot.

We hold that Bentsen has not violated any duty imposed by law in connection with the holding of the Democratic Party primary election, and that the court of appeals has exceeded its writ power. *See* Tex.Elec. Code § 273.061;[3] Tex.Gov't Code § 22.221. Therefore, we conditionally grant a writ of mandamus directing the court of appeals to withdraw its writ of mandamus against Ken Bentsen and the Harris County Democratic Party Executive Committee. The writ will issue only if the court of appeals fails to comply with our order.

HECHT, Justice, joined by PHILLIPS, Chief Justice, COOK and CORNYN, Justices, dissenting.

I dissent. Bonnie Fitch applied to the Democratic Party for a position on its general primary election ballot as a candidate for Judge of the 152nd District Court in Harris County. The Election Code requires that Fitch's application be accompanied by petitions bearing the signatures of at least 750 registered voters, Tex.Elec.Code §§ 172.021(e), 172.025, and that each petition state that Fitch had applied for a position on the Democratic Party ballot, *id.* § 172.027. The reason voter petitions must identify the political party of the candidate is that a voter who signs a petition "becomes ineligible to vote in a primary election or participate in a convention of anoth-

er political party during the voting year in which the primary election is held." *Id.* § 172.026. The petition must alert voters to the effect of their signatures by containing the following statement: "I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary election, during the voting year in which this primary election is held." *Id.* § 172.027. This statement must be read to each voter who signs a petition, *id.* § 141.064, and the person who obtains the signature must swear that this was done, *id.* § 141.065. A person who votes in an election in which he is not eligible commits a third degree felony. *Id.* § 64.012.

The petitions Fitch filed with her application do not identify her political party. Thus, voters who signed the petitions were not given the statutory warning concerning their ineligibility to vote in other primaries and participate in other conventions. The Court holds that Fitch's petitions nevertheless meet the statutory requirement because the Election Code also provides: "If an application is accompanied by a petition, the petition is considered part of the application...." *Id.* § 141.032(c). This provision does not support the Court's holding, for while it makes the petition part of the application, it does not make the application part of the petition. It is one thing to read the petition as part of the application; the two are filed together in the same place, and anyone with access to one has ready access to the other. It is quite another thing to read the application as part of the petition; the application is not required to be presented to voters when they sign the petition and is not available to them. By holding that Fitch's petitions substantially complied with statutory requirements, the Court in essence equates written notice on a petition which a voter signs to information on an application which a voter cannot access easily and maybe not at all. In my

view, Fitch's failure to tell voters signing her petitions that she was seeking the Democratic Party nomination cannot be excused simply because they could have discovered that fact if they had somehow obtained a copy of her application.

The Court's holding conflicts with our settled rule that "statutory requirements concerning candidacy for political office are mandatory and are to be strictly enforced." *Wallace v. Howell,* 707 S.W.2d 876, 877 (Tex.1986); *see Painter v. Shaner,* 667 S.W.2d 123, 125 (Tex.1984); *Brown v. Walker,* 377 S.W.2d 630, 632 (Tex.1964); *Burroughs v. Lyles,* 181 S.W.2d 570, 573 (Tex.1944). If the requirements of the Election Code are strictly enforced against Fitch, her petitions are not valid. TEX. ELEC.CODE §§ 141.062, 141.063.

Fitch contends that her failure to include her party affiliation on her petitions should be excused because she established by the affidavits of all the persons who circulated petitions for her that every voter who signed a petition was told that she "is a Democrat and that they would have to vote in the Democratic Primary." I agree with the Court's rejection of this contention for two reasons. First, what the affiants swore they told petition signers is not all that the statute mandates they be told. And second, a verbal statement to petition signers, even if complete, would not meet the strict requirements of the statute.

Because Fitch's petitions were invalid, her name should not have been placed on the Democratic Party ballot. The court of appeals was correct in reaching this conclusion and in directing Democratic Party officials to remove Fitch's name from the primary election ballot. This Court stayed the appeals court's judgment because Fitch was unopposed in her primary race and the proximity of the primary election did not allow time for us to consider the merits of the case. 35 TEX.SUP.CT.J. 462. Although I conclude that Fitch is ineligible as a candidate for Judge of the 152nd District Court in Harris County, the only relief sought in this original proceeding is that the court of appeals be directed to set aside its judgment. Now that the primary election is over, both the judgment of the court of appeals and the relief sought by Fitch from that judgment are moot. I would therefore dismiss Fitch's petition for mandamus as moot.

Fitch's opponent in the general election has filed a separate petition for mandamus requesting that we direct Democratic Party officials not to certify Fitch as the party's nominee for placement on the general election ballot, and that we direct the Harris County Clerk not to place Fitch's name on the ballot. *O'Neill v. Bentsen,* No. D–2198 (Tex., filed March 18, 1992). The Court dismisses O'Neill's petition in conjunction with its decision on Fitch's petition. I would grant the relief O'Neill seeks.