**In re Ada BROWN, Relator.**

**No. 05–06–00061–CV.**

Court of Appeals of Texas, Dallas.

Jan. 27, 2006.

---

Charles Sartain, Elizabeth P. Ardanowski, Looper, Reed & McGraw, P.C., Dallas, for relator.

Dan Patterson, Kenneth H. Molberg, Wilson, Williams & Molberg, P.C., Darlene J. Ewing, Dallas, for real party in interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

In this original proceeding, relator Ada Brown, the incumbent judge of and Republican Party candidate for County Criminal Court No. 1, asks this Court to order the chair of the Dallas County Democratic Party to remove Dan Patterson's name from the Democratic primary election ballot for the same office. We deny relator's request for mandamus relief.

Patterson, the real party in interest, submitted his application for judge of the County Criminal Court No. 1 on the Democratic Party primary election ballot. Accompanying the application were Patterson's thirty nine pages of petitions containing approximately 360 signatures. State law requires that a candidate designate in his petition the party primary in

which he intends to run. None of the pages of signed petitions submitted by Patterson indicated the party primary in which he was running. Instead, "March 2006" was written in the space designated for the name of the political party.[1] The Chair of the Dallas County Democratic Party, Darlene Ewing, certified and delivered Patterson's name for inclusion on the primary ballot.

By letter dated January 12, 2006, Judge Brown asked Ewing to omit Patterson's name from the Democratic primary ballot, arguing that Patterson's failure to name the political party primary election in which he intended to run violated section 172.027 of the Texas Election Code and was fatal to his candidacy. Ewing did not respond. Five days later, Judge Brown filed this petition for writ of mandamus. In her petition, Judge Brown argues that by failing to reject Patterson's application for a place on the ballot, Ewing has violated her ministerial duty under the election code and is subject to mandamus by this Court.

Assuming, without deciding, that the petitions were defective we must decide whether the election code mandates that the defects should be punished by exclusion of the candidate from the ballot. *In re Sharp*, 186 S.W.3d 534 (Tex. 2006) (orig.proceeding); *In re Francis*, 186 S.W.3d 534 (Tex. 2006) (orig.proceeding); *In Re Holcomb*, 186 S.W.3d 553 (Tex. 2006) (orig.proceeding).

---

1. The top of each page of the petitions contained the following:

   I know that the purpose of this petition is to entitle *DAN PATTERSON* to have their name placed on the ballot for the office of *JUDGE, COUNTY CRIM. CT. # 1* for the *MARCH 2006* primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary

   election, during the voting year in which this primary election is held.

   The underlined information was filled in by hand. Instructions for filling in the underlined portions of the statement were on the reverse side of the petition. For the blank that was filled in "MARCH 2006", the instruction provided "Insert Political party's name." *See* TEX. ELEC CODE ANN. § 172.027 (Vernon 2003).

Patterson argues that the defects in his petitions could have been cured if he had been notified of the defects. Brown has not argued that the defects could not have been timely cured. We conclude that once Ewing told Patterson his petitions were in order and certified and delivered his name for inclusion on the ballot, she could not change that decision without notifying him of the defects and giving him the same opportunity to cure as he would have had before the deadline passed. *In re Sharp* at 556 Because Patterson has not been provided the same opportunity to cure the defects in his petitions as he would have had if he had been notified of the defects before the deadline passed, we conclude Brown is not entitled to mandamus relief. *In re Sharp*, No. 06–0061; *In re Francis*, No. 06–0040; *In re Holcomb*, No. 06–0042.

Accordingly, we **DENY** relator Ada Brown's petition for writ of mandamus.

Because of the time constraints imposed by law, the Court will entertain no motions for rehearing. *See* Tex.R.App. P. 2.