**In re the Honorable Charles HOLCOMB, Relator.**

No. 06–0042.

Supreme Court of Texas.

Argued Jan. 24, 2006.

Decided Jan. 27, 2006.

C. Robert Heath, Bickerstaff Heath Smiley Pollan Kever & McDaniel, L.L.P., Bradley B. Young, Bickerstaff, Heath, Pollan & Caroom, L.L.P., Austin, for Relator.

Donna G. Davidson, Frank Reilly, Margaret A. Wilson, Michael C. Crowley, Potts & Reilly, L.L.P., Patrick O. Keel, Edward M. Shack, Larry F. York, York Keller & Field, L.L.P., Austin, for Real Party.

1.  186 S.W.3d 534 (Tex.2006).

2.  *See* TEX. ELEC. CODE § 172.023(a).

Justice BRISTER delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice MEDINA and Justice GREEN joined.

In this companion case to *In re Francis*,[1] another candidate for the Texas Court of Criminal Appeals filed a petition containing a defect that was overlooked. Out of hundreds of signatures gathered for his petition, by chance two volunteers obtained signatures from the same nine people. Though a careful review of the petition would have disclosed the duplications, neither the candidate nor the Republican State Chair noticed them. As a result, the petition was five signatures short of the statutory minimum. Because it is undisputed that Holcomb could have remedied this defect in time had the State Chair pointed it out, we hold that he is entitled to an opportunity to cure and be included on the primary ballot.

On December 28, 2005—five days before the January 2nd filing deadline[2]—Relator Charles Holcomb, currently Judge of the Texas Court of Criminal Appeals, Place 8, filed his application and an accompanying petition as a candidate for re-election. The petition was required to contain at least 50 signatures of eligible voters from each of the State's 14 appellate districts.[3]

At issue in this proceeding is the portion of Holcomb's petition purporting to contain 54 signatures from the Thirteenth Court of Appeals district in south Texas. The record reflects that these signatures were gathered by two different circulators on Holcomb's behalf, who circulated petitions at two different meetings, in two different locations, on two different days. Unbeknownst to either circulator or to Hol-

3.  *See id.* § 172.021(g); *cf. id.* § 181 *et. seq,* (providing separate procedures for political parties making nominations by convention).

comb, some people attended both meetings, and nine signed his petition twice. A facial review of the petition would have disclosed the duplications.

The day after Holcomb submitted his application and petition to the Republican State Chair, a Party representative reviewed the application as required by law,[4] accepted it, and listed Holcomb as a candidate on the Party's website. Four days later, and thirty minutes before the filing deadline, an attorney for another candidate notified Party officials about the duplications. Five days after that, on Saturday, January 7, 2006, a Party representative notified Holcomb that his application was defective and he would not be listed as a candidate.

On January 11, 2006, Holcomb filed an application for injunctive relief seeking an opportunity to correct the error in his petition. His opponent intervened, and after an evidentiary hearing, the trial court denied Holcomb's request. After unsuccessfully seeking relief in the Third Court of Appeals, Holcomb filed for mandamus relief in this Court.

■ Consistent with our analysis in *Francis,* we hold a petition containing duplicate signatures is invalid, but the Election Code does not mandate that the candidate therefore be punished by exclusion from the ballot. Given the statute's silence regarding the correct penalty, we must look to the purposes of the Code. If a candidate's filings contain facial errors that can easily be cured, the Code requires the state chair to reject the petition and notify the candidate of the defects. If the state chair fails to do so, candidates should have the same opportunity to cure as they would have had before the deadline passed.[5]

■ At the trial court and on appeal, Holcomb alleged that he could have obtained five more valid signatures from south Texas in the four days after his petition was accepted if he had been told he needed to do so. Neither the Republican Party of Texas nor Holcomb's opponent dispute that fact. Accordingly, we hold the trial court erred by not requiring the State Chair to grant Holcomb the same opportunity to cure he would have had if the Party's review had notified him of the facial defect in his petition.

We conditionally grant the writ of mandamus and direct the trial court to abate the proceeding to allow Holcomb to cure the defect. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

Justice WAINWRIGHT filed a dissenting opinion, in which Justice O'NEILL and Justice JOHNSON joined.

Justice WILLETT did not participate in the decision.

Justice WAINWRIGHT joined by Justice O'NEILL and Justice JOHNSON, dissenting.

For the reasons expressed today in my dissenting opinion in *In re Francis,* 186 S.W.3d 534, I respectfully dissent from the Court's opinion in this case.

---

**4.** *See id.* § 141.032.

**5.** 186 S.W.3d at 549.