

# NUMBER 13-08-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE: VERONICA MONCIVAIS

### On Petition for Writ of Mandamus

### MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Veronica Moncivais, filed a petition for writ of mandamus with this Court on September 3, 2008, through which she seeks to set aside the trial court's disbursement of funds held in the registry of the court. The Court requested and received a response from the real party in interest, Felipe Garcia, Jr.,[2] and further received a supplemental brief from relator. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The real party in interest, Felipe Garcia, Jr., filed several motions for extension of time to file his response herein. Those motions which were not previously disposed of by this Court are herein GRANTED.

The allegations made by relator in this original proceeding raise a serious question regarding the merits of the requested relief. However, it is not at all clear that this matter is properly raised before the Court when the petition for writ of mandamus includes an incomplete record of the proceedings. *See generally* TEX. R. APP. P. 52.3(k), 52.7.

Relator complains that Judge Bobby Flores, Presiding Judge of the 139th Judicial District Court for Hidalgo County, Texas, signed an order disbursing funds interpleaded into the court's registry when the matter was actually pending before the 93rd Judicial District Court for Hidalgo County, Texas. In response, real parties in interest assert that relator did not disclose to this Court the existence of an order transferring the case to the 139th Judicial District Court.

Relator complains that the interpleaded funds were disbursed without a proper adjudication of the claims to those funds. Again, the real parties respond that relator did not disclose to this Court the existence of a summary judgment proceeding heard and decided by the 332nd Judicial District Court for Hidalgo County pursuant to a transfer order by agreement of the judge under the Local Rules of Hidalgo County District Courts.

Relator complains of the 139th Judicial District Court's subsequent denial of a request for a temporary restraining order regarding the disbursement of the funds. However, relator sought this temporary restraining order over a month after the 139th Judicial District Court ordered the funds disbursed from the registry, and relator's request for a restraining order did not seek to preserve the status quo, but, instead, sought an order to compel the real parties to repay the money disbursed more than a month earlier. It does not appear that a request for a temporary restraining order was the proper method to petition for such relief. *See generally In re Office of Attorney Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding) (per curiam) (temporary restraing orders are to prevent

2

defined, irreparable injuries which would occur if the status quo were not preserved). Thus, it was not an abuse of discretion for the 139th Judicial District Court to deny this relief.

Relator complains that the 93rd Judicial District Court failed to reconsider the prior decision of the 139th Judicial District Court denying the temporary restraining order. However, mandamus is generally not available to contest the failure to reconsider a prior ruling because courts are not required to reconsider prior rulings and so it is not an abuse of discretion to refuse such petitions for reconsideration. *See generally Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 736-37 n.5 (Tex. App.–Dallas 1993, orig. proceeding); *J.K. and Susie L. Wadley Research and Inst. Blood Bank v. Whittington*, 843 S.W.2d 77, 86-87 n. 9 (Tex. App.–Dallas 1992, orig. proceeding). Accordingly, it was not an abuse of discretion for the 93rd Judicial District Court to deny this relief.

Finally, appellate courts may not deal with disputed areas of fact in a mandamus proceeding. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*, 186 S.W.3d 553, 560 (Tex. 2006) (orig. proceeding). This original proceeding is rife with disputes which we cannot resolve on the record before us.

The Court, having examined and fully considered relator's petition for writ of mandamus, the response, and relator's supplemental brief, is of the opinion that relator has not shown herself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(d).

PER CURIAM

Memorandum Opinion delivered and filed
this 23rd day of January, 2009.

3