Affirmed and Memorandum
Opinion filed August 12, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00322-CV

____________

 

SHERYL SACHTLEBEN, Appellant

 

V.

 

PHILLIP BENNETT, Appellee

 



 

On Appeal from the 25th District Court

Guadalupe County, Texas

Trial Court Cause No. 10-0343-CV

 



 

M E M O R
A N D U M   O P I N I O N

Appellant, Sheryl Sachtleben, the
Republican nominee for Guadalupe County Justice of the Peace, Precinct Two, appeals
the denial of an injunction against Phillip Bennett, the Guadalupe County
Democratic Party Chairman.  See Tex. Elec. Code Ann. § 273.081 (Vernon
2010).  Sachtleben sought to prevent certification of Edmundo Castellanos, the
incumbent Precinct Two Justice of the Peace, as the Democratic nominee for that
position, based on an insufficient number of signatures on his petition filed
in lieu of the filing fee.  We affirm.

Castellanos filed his application for
a place on the ballot with Bennett, the party chair, on December 29, 2009, six days
before the January 4 deadline.  In lieu of the filing fee, Castellanos
submitted a petition containing 59 signatures.  See Tex. Elec. Code Ann.
§ 141.062 (Vernon 2010).  The parties agree that a minimum of 53 signatures is
required.  See Tex. Elec. Code Ann. § 172.025(2)(B) (Vernon 2010).  Bennett
reviewed and accepted the application and petition, and he certified
Castellanos’s name on the primary ballot to the county’s election
administrator.  See Tex. Elec. Code Ann. § 172.028 (Vernon 2010).

Sachtleben notified Bennett that she
had concerns about the validity of Castellanos’s petition.  She complained that
eight of the signatures on the petition were invalid, rendering the petition
defective because it would then have less than the statutory minimum number of
signatures.[1]  Sachtleben challenged only the
number of valid signatures on the petition; she did not challenge Castellanos’s
eligibility for the office.  Bennett reviewed and rejected Sachtleben’s
challenge.  

On February 11, 2010, Sachtleben filed
a petition for writ of mandamus with the Fourth Court of Appeals, which was
summarily denied.[2]  See In re Sachtleben,
04-10-00104-CV, 2010 WL 653557 (Tex. App.—San Antonio Feb. 24, 2010, orig.
proceeding) (mem. op.).  In its opinion denying relief, the San Antonio court
cited, without elaboration, Brady v. Fourteenth Court of Appeals, 795
S.W.2d 712, 714 (Tex. 1990).  Brady held that resolution of the issues presented
required factual determinations that could not be made by an appellate court in
an original proceeding.  Id.

On February 12, 2010, Sachtleben filed
an emergency motion in the trial court requesting injunctive relief.  After a
visiting judge was assigned to hear the case, on February 25, 2010, the trial
court held a hearing on appellant’s request.  Sachtleben filed an unsigned First
Amended Petition immediately before the hearing.  The trial court permitted her
to sign the petition, have it notarized, and have the court clerk file it
during the hearing.  At the conclusion of the hearing, the trial court denied
the injunction, citing the Fourth Court of Appeals earlier denial of mandamus
relief.  After its ruling, the court permitted Sachtleben and her campaign
manager to testify in an offer of proof about the challenge to the signatures
on the petition.  See Tex. R. Evid. 103(a)(2).  

The trial court made findings of fact
and conclusions of law.  The trial court found that neither Bennett nor
Castellanos were provided notice by Sachtleben.  They were present at the
hearing, however, in response to the court’s notice, which Bennett received the
evening before the hearing.  The trial court found that Sachtleben first
notified Bennett about her concerns regarding signatures on Castellanos’s
petition on February 3, 2010, more than a month after his application was
filed.[3]  The trial court further found that
Castellanos was certified as a candidate “on a petition bearing only 51 valid
signatures when a minimum of 53 valid signatures was required.”  The court also
found that Sachtleben filed her motion for emergency relief on February 12,
2010, before the beginning of early voting.[4]  In its sole conclusion of law, the court found that
it was “bound by the decision of the Honorable 4th Court of Appeals.”  The trial
court issued its ruling on March 5, 2010, three days after the primary
election.  Sachtleben filed a notice of appeal on March 10, 2010.[5]   

As an initial matter, we consider our
jurisdiction over this appeal.  In Sachtleben’s second issue, she questions
whether her challenge was required to be determined before the primary election
when both candidates were unopposed.  Sachtleben rejects Bennett’s contention that
her challenge has been rendered moot by the primary election.  Appellate courts
are prohibited from deciding moot controversies.  Nat'l Collegiate Athletic
Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999).

The Texas Election Code states that a
petition cannot be challenged after “the day before the beginning of early
voting by personal appearance for the election for which the application is
made.”  Tex. Elec. Code Ann. § 141.034 (Vernon 2010).  Sachtleben’s challenge
began before early voting, but the trial court’s ruling issued after the
primary election.  Both candidates were unopposed in the primary election, and
absent injunctive relief, they will face each other in the November general
election.  Issuance of an injunction at this point would not interfere with the
November general election.  The only limitation on the authority to grant
injunctive relief is the election schedule itself.  Gamble, 71 S.W.3d at
318 & n.17.  In a similar situation, the Texas Supreme Court provided
relief after the primary election in which the challenged candidate was
unopposed.  See Fitch v. Fourteenth Court of Appeals, 834 S.W.2d
335, 337-38 (Tex. 1992).  In Fitch, the Supreme Court granted a stay of this
court’s decision ordering the candidate’s name removed from the ballot pending a
final decision.  Id. at 337.  The Supreme Court then determined the
sufficiency of the candidate’s application in June, after the primary election
had already occurred, but before the general election.  Id. at 338.  

Similarly, in Triantaphyllis v.
Gamble, a challenge to an incumbent judge’s application began before primary
voting, but a permanent injunction was issued April 15, after the primary,
requiring that the incumbent’s name be placed on the November ballot.  93
S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  This court
held that the challenge to the candidate’s application was not moot because
both candidates ran unopposed in their primaries and there was time to prepare
ballots before the November election.[6]   Id. at 406.  Following these
authorities, we conclude that this matter is not moot.  We therefore sustain
Sachtleben’s second issue and hold that we have jurisdiction to consider this
appeal.

In Sachtleben’s first issue, she
asserts that the trial court abused its discretion by denying her request for
an injunction despite finding that Castellanos’s petition was insufficient and
she had timely challenged his ballot application.  We review the trial court’s
grant or denial of an injunction for a clear abuse of discretion.  Tyra v.
City of Houston, 822 S.W.2d 626, 631 (Tex. 1991).  A trial court abuses its
discretion by (1) acting arbitrarily and unreasonably, without reference to
guiding rules or principles, or (2) misapplying the law to the established
facts of the case.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985).  The trial court does not abuse its discretion when
its decision is based on conflicting evidence and some evidence in the record
reasonably supports the trial court’s decision.  Butnaru v. Ford Motor Co., 84
S.W.3d 198, 211 (Tex.2002).

Included in the argument on this
issue is Sachtleben’s challenge to the trial court’s conclusion of law that it
was bound by the decision of the Fourth Court of Appeals in denying her
petition for writ of mandamus.  We review de novo the trial court’s conclusions
of law.  BMC Software Belgium v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).
 If we determine that a conclusion of law is erroneous, but the trial court
rendered the proper judgment, the erroneous conclusion of law does not require
reversal.  Id.

In Brady, cited by the Fourth
Court, the Texas Supreme Court vacated a writ of mandamus issued by this court
because we had “decided factual questions on inconsistent and conflicting
affidavits and documents.”  Brady, 794 S.W.2d at 714.  An appellate
court may not resolve disputed facts in an original mandamus proceeding.  Id. 
In this case, the Fourth Court of Appeals did not have the benefit of an
evidentiary hearing to determine the validity of the signatures on
Castellanos’s petition.  Therefore, the court properly denied mandamus relief based
on Brady.  See In re Angelini, 186 S.W.3d 558, 560 (Tex. 2006) (denying mandamus
seeking to remove candidate with defective filings where factual determinations
were required).  The denial of mandamus relief by the court of appeals did not preclude
the granting of relief by the trial court.  To the contrary, the Texas Supreme
Court has held that the determination of a party’s entitlement to equitable
relief must “be decided after a hearing on the merits where interested parties
have an opportunity to be heard.”  In re Gamble, 71 S.W.3d 313, 318
(Tex. 2002).  Therefore, to the extent that the trial court concluded that it
was barred from granting relief solely because the Fourth Court denied relief,
its conclusion is erroneous.  We next consider whether the trial court’s order
may be sustained on other grounds.  

The Election Code provides for
injunctive relief to prevent harm from code violations.  “A person who is being
harmed or is in danger of being harmed by a violation or threatened violation
of this code is entitled to appropriate injunctive relief to prevent the
violation from continuing or occurring.”  Tex. Elec. Code Ann. § 273.081 (Vernon
2010).  The Texas Supreme Court has recognized that a trial court may fashion equitable
relief regarding the placement or removal of a candidate’s name on the ballot. 
See Gamble, 71 S.W.3d at 315.  “[T]he legislature [in section 273.081]
has specifically called upon the courts to exercise their equitable powers to
resolve election code violations.  And when exercising such jurisdiction, a
court must, among other things, balance competing equities.”  Id. at
317.  

The Texas Supreme Court has held that
provisions that restrict the right to hold office must be strictly construed
against ineligibility.  Wentworth v. Meyer, 839 S.W.2d 766, 767 (Tex.
1992).  In recent years, the Texas Supreme Court has repeatedly ruled in favor
of candidates being permitted a place on the ballot despite defects in their
applications and petitions.  See In re Holcomb, 186 S.W.3d 553, 555
(Tex. 2006) (holding candidate was entitled to an opportunity to obtain
replacement signatures after the filing deadline); In re Sharp, 186
S.W.3d 556, 557 (Tex. 2006) (granting the candidate the opportunity to cure a
presumed defective petition filed the day of the deadline); In re Francis,186
S.W.3d 534, 541 (Tex. 2006) (holding that the trial court must allow a candidate
to cure defects a party chair overlooked and approved).

Thus, the Texas Supreme Court has
construed the Election Code provisions at issue in this case to require that a
candidate be given an opportunity to cure defective applications and petitions. 
The Election Code does not require exclusion from the ballot as a mandatory
remedy when a curable defect exists.  Francis, 186 S.W.3d at 536.  The
Code also does not state that a candidate must be removed from the ballot when
petition signatures are invalid.  Id. at 539.  A candidate’s own fault
does not bar him from obtaining equitable relief.  Gamble, 71 S.W.3d at
318.

In Francis, the candidate was
permitted to correct petitions containing 95 invalid signatures because the
error had not been discovered by party officials.  186 S.W.3d at 537.  “Party
chairs are not required to be lawyers, nor are they required to be perfect.
They have a very limited time to review thousands of papers during the window
in which they must be filed.  In such circumstances, they do not need the added
burden that their own minor mistakes (when looking for the minor mistakes of others)
might destroy a candidate’s public career.”  Id. at 542.  

We are directed to balance the
competing equities in determining whether injunctive relief to resolve an
election code violation is appropriate.  See Gamble, 71 S.W.2d at 317.  Castellanos
filed his application and petition six days before the deadline.  His petition
contained six additional signatures over the statutorily required number.  Bennett,
the party chair, did not observe any defect in the petition and certified
Castellanos’s application.  Sachtleben waited over a month to challenge his
petition.  She failed to provide notice for the hearing on her challenge so
that Castellanos and Bennett could prepare for the hearing, possibly refuting
her challenge to the signatures.  Sachtleben also filed an amended petition
during the hearing.  On a sparse evidentiary record, largely comprised of the
offer of proof made after the court’s ruling, the trial court found that the
petition was short by only two signatures, which the parties agree could easily
have been remedied.[7]   The harm to Castellanos in granting injunctive relief
would be irreparable.  Any harm to Sachtleben that would be caused by the
inability to receive a windfall in the form of an unopposed general election is
far outweighed by the voters’ interest in electing the candidate of their
choice.  See Triantaphyllis, 93 S.W.3d at 405.  

In balancing the equities presented
in Sachtleben’s challenge, we hold that the trial court did not abuse its
discretion in denying injunctive relief in this case.  “The public interest is
best served when public offices are decided by fair and vigorous elections, not
technicalities leading to default.”  Francis, 186 S.W.3d at 542.  The
right to vote for a candidate of one’s choice has been described as “the
essence of a democratic society.”  Reynolds v. Sims, 377 U.S. 533, 555,
84 S.Ct. 1362 (1964).  We overrule Sachtleben’s first issue.  

Accordingly, we affirm the trial
court’s judgment. 

PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Yates and Boyce. 









[1]   For a
signature on a petition to be valid, “the signer, at the time of signing, [must
be] a registered voter of the territory from which the office sought is elected
or has been issued  a registration certificate for a registration that will
become effective in that territory on or before the date of the applicable
election.”  Tex. Elec. Code Ann. § 141.063(a)(1) (Vernon 2010). 





[2]  The
court of appeals denied relief February 11, 2010, the same day the petition was
filed, but its opinion did not issue until February 24, 2010. 





[3]  Sachtleben
asserts that she notified Bennett about her concerns on January 29, 2010, but
she has not raised an issue challenging the trial court’s finding to the
contrary.  See McGalliard v. Kuhlmann , 722 S.W.2d 694, 696 (Tex. 1986)
(unchallenged findings are binding on appellate court).  





[4]    Early
voting began on February 16, 2010.





[5]   This
appeal was later transferred to this court from the Fourth Court of Appeals
pursuant to a docket equalization order issued by the Texas Supreme Court.





[6]   This
court’s opinion and judgment affirming the injunction issued on September 26,
2002.





[7]   Sachtleben
concedes in her brief that “[i]t is important to note that had [Bennett]
performed his duty [when presented with Sachtleben’s challenge] to reject
Castellanos’s application, his candidacy for Justice of the Peace, Precinct 2,
Guadalupe County could have been saved.”