**Denied and Opinion Filed March 15, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00287-CV

### IN RE STEPHEN STANLEY, Relator

**Original Proceeding from the City of Garland**
**Dallas County, Texas**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

Relator Steven Stanley is a candidate for the District 3 seat on the Garland City Council. His opponent is incumbent Jerry Nickerson. In this original proceeding, Stanley complains that Garland City Secretary Eloyce René Dowl denied his demand that Dowl reject Nickerson's application for a place on the May 2019 City Election ballot. Stanley maintains that the petition pages included with Nickerson's application do not meet the requirements of the election code because the circulator affidavit on each petition includes an incomplete jurat. Stanley argues that the incomplete jurats invalidate the petition pages and, as a result, none of the signatures on Nickerson's petition pages are valid.

In election disputes, parties may seek mandamus relief from this Court through a petition for writ of mandamus without first seeking relief in the trial court. *See* TEX. ELEC. CODE ANN. § 273.061 (authorizing the supreme court or courts of appeals to issue writs of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election or a

political party convention, regardless of whether the person responsible for performing the duty is a public officer"); *see also In re Jones*, No. 05-18-00065-CV, 2018 WL 549531, at *2–3 (Tex. App.—Dallas Jan. 24, 2018, orig. proceeding) (citing cases). Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested because he has not established a clear abuse of discretion. The affidavits on Nickerson's petition pages include all of the language required by section 141.065(a) of the election code, are signed by the circulator and the notary, and include the notary's seal. TEX. ELEC. CODE ANN. § 141.065(a). The information missing from the jurats is not required by section 141.065(a). *Id.* Under this record, we conclude the City Secretary did not abuse her discretion by accepting Nickerson's application because the circulator affidavits complied with the election code and did not invalidate the signatures included on the petitions. *See, e.g., Burris v. Gonzalez*, 269 S.W.2d 696, 696–97 (Tex. Civ. App.—San Antonio 1954, orig. proceeding) (candidate was entitled to have his name placed on ballot even though notary inadvertently failed to sign application where the evidence candidate swore to application). Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought). Due to the time-sensitive nature of this matter, the Court will not entertain motions for rehearing. *See* TEX. R. APP. P. 2.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190287F.P05

–2–