

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00424-CV

**IN RE David E. MARTINEZ**

Original Mandamus Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: October 14, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

Relator David E. Martinez is a candidate for Val Verde County Attorney. His election opponent is Real Party in Interest Ana Markowski Smith. Martinez challenges the validity of several of Smith's ballot petition signatures because two of her circulators' affidavits did not contain dates. Martinez argues that the date omissions invalidated the circulators' collected signatures, causing Smith's total number of valid signatures to fall below the requisite five hundred. Therefore, Martinez concludes, the county judge abused his discretion by counting the signatures in question as valid and certifying Smith as an eligible candidate. Martinez seeks relief by a writ of mandamus to decertify Smith from the ballot and to remove her from the ballot. The issue of removing Smith at this time is moot, but the issue of decertification remains.

---

[1] This proceeding arises out of Val Verde County Judge Lewis G. Owens Jr.'s certifying signatures for an application to place Ana Markowski Smith on the November 3, 2020 ballot for Val Verde County Attorney.

"Mandamus relief is an extraordinary remedy that issues only if the court clearly abused its discretion and the relator has no adequate remedy by appeal." *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007); *accord In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus relief applies to election cases such as this where there is no adequate remedy by appeal,[2] but we disagree with Martinez's analysis.

Martinez argues that Texas Election Code section 141.065(c) requires a notarized circulator's affidavit to contain a date for the signatures collected by that circulator to be counted during verification. He cites *Wallace v. Howell*, 707 S.W.2d 876, 877 (Tex. 1986) (orig. proceeding), in support of his argument that all elements of section 141.065 are mandatory. *Wallace* states that "statutory mandates to be met by candidates should be strictly construed to ensure compliance." *Id.* However, *Wallace* does not address section 141.065, *see id.*, and the supreme court has recently provided more guidance on construing election statutes.

In *In re Bell*, the court invoked the Code Construction Act, TEX. GOV'T CODE ANN. § 311.021, and decided that alleged signature defects should be considered "in relation to the objects 'sought to be attained' by the Election Code, one such object being to prevent election fraud." *In re Bell*, 91 S.W.3d 784, 786 (Tex. 2002) (orig. proceeding) (citing TEX. ELEC. CODE ANN. § 141.063); *see also In re Elwell*, 110 S.W.3d 11, 13 (Tex. App.—Waco 2002, orig. proceeding) (quoting *Davis v. Taylor*, 930 S.W.2d 581, 583 (Tex. 1996) (orig. proceeding)) (noting that "the [s]upreme [c]ourt has recently spoken of construing laws 'broadly in favor of eligibility of interest in access to the ballot'"). In *Bell*, some ballot petition signers omitted their city of residence. *In re Bell*, 91 S.W.3d at 785. However, the omission of the signers' cities of residence

---

[2] *See* TEX. ELEC. CODE ANN. § 273.061 (authorizing this court to "issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election . . . regardless of whether the person responsible for performing the duty is a public officer."); *In re Lopez*, 593 S.W.3d 353, 356 (Tex. App.—Tyler 2018, orig. proceeding).

did not invalidate their signatures because there was sufficient information to determine that the signers were registered voters who were eligible to sign the candidate's ballot petition. *Id*. at 787–88. Therefore, the court concluded that invalidating the signatures in question was not a "just and reasonable" outcome under the Code Construction Act. *Id*. at 787.

Under section 141.065(c), "[a] single notarized affidavit by any person who obtained signatures is valid for all signatures gathered by the person if the date of notarization is on or after the date of the last signature obtained by the person." TEX. ELEC. CODE ANN. § 141.065(c). Martinez incorrectly assumes that if the affidavit referred to in subsection (c) contains no date, that the signatures are necessarily invalid and the submitting candidate should not be allowed on the ballot. *See id*.; *In re Stanley*, No. 05-19-00287-CV, 2019 WL 1219332, at *1 (Tex. App.—Dallas Mar. 15, 2019, orig. proceeding) (mem. op.) (citing *Burris v. Gonzalez*, 269 S.W.2d 696, 696–97 (Tex. App.—San Antonio 1954, orig. proceeding)). In applying the reasoning from *In re Bell*, we consider the circulator affidavits in the context of their purpose, which is to ensure that a candidate has submitted a sufficient number of valid ballot petition signatures. *See* TEX. ELEC. CODE ANN. § 141.065(b); *In re Bell*, 91 S.W.3d at 786. Based on the record before us, we accept that the county judge verified a sufficient number of ballot petition signatures from Smith's application and conclude that invalidating the signatures due to missing dates in two circulators' affidavits would not be a just and reasonable result. *See* TEX. ELEC. CODE ANN. § 141.065(b); *In re Bell*, 91 S.W.3d at 786.

We also find support for this conclusion in *In re Stanley*, in which mandamus relief was denied because the real party in interest met the requirements of section 141.065(a), despite incomplete jurats. *See In re Stanley*, 2019 WL 1219332, at *1. Martinez complains that *Stanley* is not more specific about what made the jurats incomplete, but we believe the complaint in this case amounts to incomplete jurats, which do not invalidate a circulator's signatures. *See id*.; *see*

*also Burris*, 269 S.W.2d at 696–97 (allowing a candidate's name to be placed on the ballot despite a missing notary signature on his application).

Having construed section 141.065(c) in light of the applicable law, we cannot conclude that the county judge clearly abused his discretion. *See In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d at 623; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. We deny the petition for writ of mandamus with regard to decertification. *See* TEX. R. APP. P. 52.8(a).

Because of the time-sensitive nature of this matter, we will not entertain motions for rehearing. *See* TEX. R. APP. P. 2; *In re Brown*, 190 S.W.3d 768, 770 (Tex. App.—Dallas 2006, orig. proceeding); *In re Stanley*, 2019 WL 1219332, at \*1.

Patricia O. Alvarez, Justice